UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SBB RESEARCH GROUP, LLC, SAMUEL B. BARNETT, and MATTHEW LAWRENCE AVEN,<br><br>Defendants. | Case No.: 1:19-cv-06473<br><br>Hon. Sharon Johnson Coleman<br><br>Magistrate Judge Shelia Finnegan |

**INITIAL JOINT STATUS REPORT**

Plaintiff, United States Securities and Exchange Commission ("the SEC"), and Defendants SBB Research Group, LLC ("SBB"), Samuel Barnett and Matthew Aven (collectively "Defendants"), state as follows:

**1. Nature of the Case**

(a) The SEC is represented by Timothy Leiman, Robert Moye and Kevin Wisniewski. Mr. Leiman is the SEC's trial attorney.

Defendants are represented Howard Rosenburg, of Kopecky Schumacher Rosenburg LLC. Defendants anticipate that they also will be represented by H. Gregory Baker, Rachel Maimin and Alexandra Droz, of Lowenstein Sandler LLP and anticipate filing petitions for admission under L.R. 83.14 for those attorneys. Howard Rosenburg is Defendants' trial attorney.

(b) The SEC has alleged that Defendants SBB, Barnett, and Aven committed – or aided and abetted – securities fraud in violation of Section 17(a) of the Securities Act of 1933 ("the Securities Act"); Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange

Act") and Rule 10b-5 thereunder, and Sections 206 and 207 of the Investment Advisers Act of 1940 ("the Advisers Act") and Rules 206(4)-1, 206(4)-2, 206(4)-7 and 206(4)-8 thereunder.

SBB is an investment adviser, managing several private investment funds (the "Funds"). The value of the assets in SBB's funds were determined using a custom valuation model. The SEC has alleged that SBB designed its model to artificially increase the value of investments held by SBB's funds and the reported net asset values of those funds. In so doing, the SEC has alleged that, contrary to representations to the Funds' investors, Defendants did not comply with Generally Accepted Accounting Principles ("GAAP") in that Defendants failed to value the structured notes held by the funds at "fair value," or the price that would be received to sell the notes in an orderly transaction between market participants at the measurement date. The SEC has alleged that Defendants reported those inflated values to the funds' investors, collected excessive fees, and created a false performance history which Defendants used in marketing to potential investors. The SEC has alleged that the SEC's compliance examiners warned the Defendants about alleged defects in SBB's valuation model but that the Defendants hid the SEC exam staff's findings from SBB's auditor, secretly credited the accounts of the funds' investors to reverse the payment of excessive fees, and failed to disclose the materially reduced performance values to the funds' investors.

(c) Defendants maintain that they complied with the federal securities laws. Defendants maintain that they used the valuation model in good faith and that SBB produced appropriate valuations. Defendants maintain that they did not hide information and that they appropriately disclosed their actions.

(d) The major legal and factual issues involved in this case are whether Defendants committed, or aided and abetted, securities fraud. Among other things, this determination

involves the questions whether the Defendants: (1) made material misrepresentations to investors by using a valuation model that produced valuations that were inconsistent with the fair value requirements of GAAP, (2) whether the valuation model produced materially inflated values for the Funds' securities, (3) whether Defendants made materially misleading statements to investors regarding the Funds' asset values, (4) whether Defendants made material misrepresentations to prospective investors in the Funds' marketing materials, (5) whether Defendants materially misled SBB's auditor in the course of its audit of the Funds' financial statements, and (6) whether the Defendants acted with *scienter* (intentionally or recklessly).

(e) The SEC seeks an order of permanent injunctive relief against the Defendants for future violations of the sections of the Securities Act, the Exchange Act, and the Advisers Act which are at issue in this case. The SEC also seeks the imposition of a substantive civil penalty against each defendant.

(f) The SEC's Complaint was filed on September 30th, and Defendants' waived service of a summons. Defendants are preparing to file a joint motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**2.     Pending Motions**

(a) There are no motions pending at this time.

(b) Defendants are required to file a responsive pleading by December 9, 2019, and have advised the SEC that they will file a motion to dismiss.

**3.     Proposed Discovery Schedule**

(a) Discovery will be needed on a variety of issues relating to liability, defenses and remedies. Defendants will be able to review the SEC's production, which is expected to include: the documents, financial information and electronic data produced to the SEC during its

investigation, the SEC's subpoenas to and non-privileged communications with third parties, transcripts of investigative testimony and sworn statements from potential witnesses. The parties expect to issue written discovery requests and take depositions of potential witnesses. The parties also expect to retain expert witnesses, review expert reports and take the depositions of any expert witnesses.

(b) This case is subject to the Mandatory Initial Discovery Pilot ("MIDP") procedures. Accordingly, the parties will review each other's MIDP responses before issuing their own written discovery requests. (*See* Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project at § A.1a.) The parties may serve additional written discovery requests at least three (3) days after the parties have exchanged their mandatory initial discovery responses.

(c) The parties will exchange expert reports on liability issues on which they bear the burden of proof, **by July 3, 2020**. The parties will produce any rebuttal reports, which address issues raised in another party's expert report, **by September 30, 2020**. The parties will complete all discovery (including depositions) **by November 6, 2020**.

**4.** **Trial**

(a) A jury trial has been requested.

(b) The parties estimate that a trial in this matter would take approximately 3 weeks.

**5.** **Status of Settlement Discussions**

(a) Prior to the filing of the Complaint, the parties engaged in extensive settlement negotiations. Those negotiations concluded unsuccessfully.

(b) The Parties are not interested in a settlement conference with a magistrate judge at this time. It is possible that the Parties' positions may change after substantive discovery. Should their positions change, the Parties will inform the Court that they seek a settlement conference.

    (c)    The parties are not interested in pursuing arbitration or mediation.

**6.**    **Consent to Proceed before the Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge for all matters in this case.

November 26, 2019                        Respectfully submitted,

    /s/**Timothy S. Leiman**
Timothy S. Leiman (leimant@sec.gov)
Robert Moye (moyer@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (FAX)

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*


    /s/ **Howard J. Rosenberg**
Howard J. Rosenberg
(hrosenburg@ksrlaw.com)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 380-6631
(312) 268-6493 (FAX)

*Attorney for Defendants*
*SBB Research Group, LLC, Samuel Barnett*
*and Matthew Aven*