# **EXHIBIT E**

| | |
|---|---|
| **From:** | Leiman, Timothy |
| **To:** | "Howard Rosenburg" |
| **Cc:** | Baker, H. Gregory (HBaker@lowenstein.com); Droz, Alexandra; Moye, Robert M.; Wisniewski, Kevin A; Renardo, Sara L. |
| **Subject:** | FW: Meet-and--Confer Conference Follow Up |
| **Date:** | Tuesday, May 26, 2020 10:48:00 AM |
| **Attachments:** | image002.png |

Howard,

We are disappointed that you waited 12 days to respond to our proposal and, once again, are bringing issues to a head just before one of your responses is due. This is not how differences get resolved. We made a very reasonable proposal whereby we (1) offered you a significant extension of time to respond to RFAs for Defendant Barnett and (2) were willing to hold your responses to RFAs as to SBB in abeyance until after Barnett's response so that we could talk about the issues that remain. Your wholesale refusal of that proposal leaves us, once again, at a last-minute impasse.

It now appears to us that you envisioned the voluntary discovery process as requiring the SEC to provide in-depth information related to our allegations, but allowing your clients' defenses and responses to our allegations to be deferred pending a ruling on your motion to dismiss. We provided over 50 pages of narrative responses to your detailed contention interrogatories about the allegations of our Complaint. When we propounded a similar interrogatory designed to elicit and explore the basis for SBB's affirmative defenses (Int. #3), SBB refused to even identify its defenses and, incredibly, referred the SEC to _all_ of the documents in this case. We have produced hundreds of documents and thousands of pages of on-the-record testimony from the SEC's investigation as part of voluntary discovery. Thus far, you have produced _no_ documents and, apparently, don't intend to. Now, you are refusing to answer RFAs even though you concede that the requests are directly related to the allegations of the Complaint. Our RFAs are designed to address the fact that the SEC has not yet had the opportunity to explore SBB's litigation position.  Our preference for requests to admit is even more acute in our current environment because they will narrow the topics required for in-person depositions (which may not happen under current stay at home orders). After providing you with the legal basis supporting our discovery requests, we invited you to provide _any_ case law that supports the notion of a cumulative limit on RFAs to related defendants. Two weeks on, you have provided no such authority and we remain aware of none.

All told, your position is contrary to the rules of civil procedure and contrary to the agreement we struck for voluntary, mutual discovery. Overall, we are dismayed that, after the SEC accommodated your request for voluntary discovery – and explained in advance that discovery at this stage would require us to address the fact that your clients had not yet answered the Complaint -- you have so quickly taken a stance _against_ mutual disclosure (and one that prevents the SEC from narrowing the disputes at issue in this case). The notion that discovery should proceed on such a one-sided basis – where you get full disclosure and the SEC must fly blind – is untenable.

We regard your clients' deficient discovery responses – and refusal to respond to RFAs – as an effective withdrawal from our agreement to pursue voluntary discovery. We will not continue to participate in a process where we provide fulsome discovery while your clients do not reciprocate.  Accordingly, we will defer any further production of documents until the Court imposes a discovery schedule on the parties.

Regards,
Tim



Timothy S. Leiman
Senior Trial Counsel
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
312-353-5213 (direct) 312-353-7398 (fax)

*This e-mail message (and any attachments) from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.*

---

**From:** Howard Rosenburg <hrosenburg@ksrlaw.com>
**Sent:** Monday, May 25, 2020 2:54 PM
**To:** Leiman, Timothy <LeimanT@sec.gov>; Wisniewski, Kevin A <wisniewskik@SEC.GOV>; Renardo, Sara L. <RenardoS@SEC.GOV>; Moye, Robert M. <MoyeR@sec.gov>
**Cc:** Droz, Alexandra <ADroz@lowenstein.com>; Baker, H. Gregory (HBaker@lowenstein.com) <HBaker@lowenstein.com>
**Subject:** Meet-and--Confer Conference Follow Up

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

As we discussed during our meet-and-confer conference, we believe the nature and volume of the RFAs are inappropriate at this point in the case. The 361 RFAs are not appropriately being used to narrow issues for trial. Instead, they are being used to force us into answering the complaint when there is no requirement to do so. We have carefully considered your counterproposal, but have determined that it does not address our concerns.

-Howard

HOWARD J. ROSENBURG



**KOPECKY SCHUMACHER ROSENBURG LLC**
120 N. LaSalle St. • Suite 2000 • Chicago • Illinois • 60602
Direct 312-380-6631
hrosenburg@ksrlaw.com
www.ksrlaw.com