# EXHIBIT I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>SBB RESEARCH GROUP, LLC, SAMUEL B. BARNETT, and MATTHEW LAWRENCE AVEN,<br><br>    Defendants. | Civil Action No. 1:19-cv-06473<br>Hon. Sharon Johnson Coleman |

**DEFENDANT SBB'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant SBB Research Group, LLC ("Defendant" or "SBB") by and through its undersigned attorneys, hereby responds and objects to Plaintiff Securities and Exchange Commission's ("Plaintiff") First Set of Interrogatories to SBB as follows:

**GENERAL OBJECTIONS**

The following General Objections should be incorporated, to the extent possible, into each response to the Interrogatories, as if the General Objections were fully set forth in each response, including those responses that also set forth specific objections.

1. Defendant objects to each Interrogatory to the extent that it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and governing local rules.

2. Defendant objects to each Interrogatory on the grounds that it seeks information more properly obtained through depositions, which have not yet taken place.

Federal Rules of Civil Procedure ("FRCP"), dated March 23, 2020, which identifies witnesses likely to have discoverable information, along with the subjects of that information.

**INTERROGATORY NO. 2**

Identify each individual whom SBB intends to call to offer opinion testimony at any trial or hearing on this matter and, for those individuals not required to produce a report under Rule 26(a)(2), describe: (a) their qualifications to offer opinions, (b) the substance their expected testimony, and (c) the factual basis for their opinions.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant incorporates its General Objections and will adhere to all pre-hearing or pre-trial disclosure schedules agreed to by the parties or ordered by the Court. To the extent this Interrogatory seeks Defendant's unilateral disclosure of such submissions in advance of the deadlines for mutual exchanges of such information, Defendant objects to this Interrogatory as improper and premature. Defendant further objects to this Interrogatory as premature on the grounds that Defendant has not yet received discovery from any parties to this matter or from any third parties.

Subject to and without waiving the aforementioned objections, Defendant responds as follows: Defendant refers Plaintiff to Defendant's Initial Disclosures, pursuant to FRCP Rule 26, dated March 23, 2020, which identifies witnesses likely to have discoverable information, along with the subjects of that information.

**INTERROGATORY NO. 3**

For any affirmative defense that SBB intends to raise in response to the allegations of SEC's Complaint in this matter, including but not limited to the advice of counsel or another professional (such as an accountant), describe all of the facts known to SBB on which that defense is based.

**RESPONSE TO INTERROGATORY NO. 3**

Defendant incorporates its General Objections and further objects to this Interrogatory on the grounds that it is premature. Defendant filed a motion to dismiss the Plaintiff's Complaint, which is currently pending before the Court. Accordingly, Defendant has not filed an answer, and has not proffered any affirmative defenses, which are mere speculation at this point.

Subject to and without waiving the aforementioned objections, Defendant responds as follows: Defendant refers Plaintiff to documents and testimony provided to the SEC in connection with its investigation of Defendant, and documents that will be produced to Plaintiff pursuant to its requests for documents under FRCP Rule 34.

**INTERROGATORY NO. 4**

For each year from 2014 through 2018, identify the percentage of investor assets under SBB's management which were owned by: (a) Samuel Barnett; (b) companies, firms or funds in which Mr. Barnett has a beneficial interest; (c) Mr. Barnett's parents or grandparents; and (d) Mr. Barnett's personal friends.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant incorporates its General Objections and further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to specify any specific assets to which this Interrogatory applies. The Interrogatory is further vague and ambiguous in that ownership interests periodically fluctuate, but the Interrogatory fails to specify whether it seeks ownership percentages on a monthly, quarterly or yearly basis or otherwise. Defendant further objects to this Interrogatory as overly broad, in that it seeks information beyond the time period of the alleged misconduct, and also seeks information concerning fund assets that are not the subject of the Complaint.

Subject to and without waiving the aforementioned objections, Defendant responds as follows: The following table reflects the percentage ownership of SBB's regulatory assets under

Subject to and without waiving the aforementioned objections, Defendant responds as follows: Defendant refers Plaintiff to SBB's compliance policies and procedures, which were provided to the SEC in connection with its investigation of Defendant.

**INTERROGATORY NO. 23**

To the extent that you contend, even in the alternative, that SBB and/or Aven made one or more false statements on SBB's Forms ADV but did not subjectively intend to make a material misstatement or omission: (a) identify any such statement and/or omission; and (b) describe how that statement and/or omission occurred.

**RESPONSE TO INTERROGATORY NO. 23**

Defendant incorporates its General Objections and further objects to this Interrogatory on the grounds that it is vague and ambiguous, misstates facts, and is an improper and premature contention Interrogatory to which Defendant's answer should be deferred until the conclusion of discovery. Defendant further objects to the Interrogatory on the grounds that it does not specify to which alleged false statements in the Form ADV the Interrogatory is referring, or to which years.

Subject to and without waiving the aforementioned objections, Defendant responds as follows: Defendant lacks sufficient information on which to respond to Interrogatory No. 23.

Dated: May 12, 2020                                    Respectfully submitted,

By: */s/ Howard J. Rosenburg*                By: */s/ H. Gregory Baker*
Howard J. Rosenburg (6256596)            H. Gregory Baker (*pro hac vice*)
KOPECKY SCHUMACHER ROSENBURG LLC     Rachel Maimin (*pro hac vice*)
120 N. LaSalle Street, Suite 2000             Alexandra Droz (*pro hac vice*)
Chicago, IL 60602                                      LOWENSTEIN SANDLER LLP
Tel. 312-380-6631                                      1251 Avenue of the Americas
hrosenburg@ksrlaw.com                          New York, NY 10020
*Counsel for Defendants*                          Tel. 212-262-6700
                                                                    hbaker@lowenstein.com
                                                                    rmaimin@lowenstein.com
                                                                    adroz@lowenstein.com
                                                                    *Counsel for Defendants*

## **CERTIFICATION**

      I declare under penalty of perjury that the answers provided to these interrogatories are true and correct to the best of my knowledge, information and belief.

                                                               */s/ S. Barnett*
                                                                Samuel Barnett

-25-

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing document to be served upon all counsel of record via email on May 12, 2020.

                                                                     _____