# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| Plaintiff, | ) | **Case No.: 1:19-cv-06473** |
| v. | ) ) ) | **Hon. Sharon Johnson Coleman** |
| **SBB RESEARCH GROUP, LLC, et al.,** | ) ) ) | **Magistrate Judge Shelia Finnegan** |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANT BARNETT TO ANSWER INTERROGATORIES

Plaintiff, Securities and Exchange Commission ("SEC"), pursuant to Rule 37(a)(3)(B)(iii) of the Federal Rules of Civil Procedure, respectfully requests that the Court enter an order compelling Defendant Samuel Barnett ("Barnett") to answer the SEC's December 17, 2021 interrogatories (Ex. 1) and states as follows:

### Preliminary Statement

While only a few weeks ago Barnett asked this Court to *extend* the current discovery deadline, he now claims that the SEC's opportunity to obtain discovery with respect to him *closed* over a year ago. He refuses to answer any of the SEC's most recent interrogatories-- which were issued with more than four months left in the schedule for fact discovery. Barnett claims that the SEC's interrogatories are "untimely" because the Court's fact discovery schedule limited and restricted the parties' ability to issue written discovery to an "initial" discovery period that ended in January 2021. However, this makes no sense. Barnett's interpretation of the Court's prior order would mean that the SEC was allowed

only 76 days to conduct ***all written discovery in this case***. And Barnett takes this position even though he still has not produced all of the responsive documents sought by the SEC, and there are months of fact discovery left.

Barnett's claims about the parties' inability to issue written discovery cannot be reconciled with this Court's prior order or the Federal Rules of Civil Procedure. Consequently, Barnett's refusal to answer the SEC's contention interrogatories must stem from a desire to promote delay, or to avoid disclosing additional details about his valuation model, or both. The SEC's contention interrogatories are timely, reasonable and targeted to the central issues of liability pending before this Court. Accordingly, the Court should order Barnett to answer all of the SEC's interrogatories promptly as the Federal Rules require. *See* Fed. R. Civ. P. 33(b)(3).

## Factual Background

The SEC filed this case on September 30, 2019, alleging that Defendants SBB Research Group, LLC ("SBB"), Matthew Aven ("Aven"), and Barnett committed securities fraud by engaging in a multi-year, fraudulent scheme to artificially boost the reported value of several private funds managed by SBB while falsely reassuring investors that the reported values complied with Generally Accepted Accounting Principles ("GAAP"). (*See* Dkt. No. 1, Compl. at ¶¶ 1-12). Specifically, the SEC alleged that Defendants manipulated their internally developed asset valuation model ("SBB Model") to artificially inflate the "fair value" of the funds' assets, reported those inflated values to the funds' investors, collected excessive fees, and created a false performance history which defendants then used in marketing SBB's investment advisory services to potential investors. (*Id.*) Although Defendants' alleged scheme eventually was discovered by the SEC's compliance examiners,

the Defendants hid the SEC's findings from SBB's auditor, secretly credited the accounts of the funds' investors to reverse their payment of excessive fees, and failed to disclose the materially-reduced performance values to the funds' investors. (*Id.*)

Because defendants filed a motion to dismiss, the Court allowed the parties to engage in informal discovery, by agreement, before setting a formal discovery schedule. (Dkt. No. 20). The parties agreed to exchange and respond to written discovery requests. On April 7 and 8, 2020, the SEC and SBB exchanged written discovery requests, which included interrogatories and requests for production of documents. On April 14, 2020, the SEC also served limited requests for production on Barnett and Aven.[1]

The SEC responded to all of the Defendants' discovery requests, and Defendants responded to most of the SEC's requests. However, Defendants refused to respond to any of the SEC's requests for admission to Barnett and SBB. On May 26, 2020, Defendants filed a Motion for Protective Order seeking to relieve SBB and Barnett from answering the SEC's Requests to Admit. (Dkt. No. 30). In response to that Motion, the parties terminated their agreement to engage in informal discovery pending the resolution of the motion to dismiss. (Dkt. No. 35).

On October 15, 2020, Judge Coleman denied Defendants' motion to dismiss, except as to Counts IX and X. (Dkt. No. 44). On November 4, 2020, this Court held a status hearing to, among other things, establish a discovery schedule. In a minute order, the Court adopted the following schedule (Dkt. No. 50; Ex. 2):

---

[1] The SEC also served requests for admission on Matthew Aven on April 8th, on Barnett on April 24th and on SBB on May 7th.

- "Initial written discovery (including non-party subpoenas)" – 1/18/2021

- "Overall discovery deadline" – 1/31/2022

On November 9, 2020, Defendants answered the Complaint and asserted affirmative defenses. (Dkt. No. 51). The parties have engaged in months of document production, and have met and conferred repeatedly in order to resolve objections and discuss the SEC's privilege assertions. (*See* Dkt. Nos. 61, 63, 66). Both parties filed motions to compel and the SEC moved for a protective order. (Dkt. Nos. 69, 70, 71, 85). The briefing on those motions closed only recently. (*See* Dkt. Nos. 87, 88, 90, 92, 96, 97, 101, 103, 104).

On December 15, 2020, the SEC issued a revised set of Requests for Admission ("RFAs") to Defendant SBB. These RFA's asked SBB to take a position on several key issues in this case, including SBB's development and implementation of the SBB Model. SBB responded on February 16, 2021, largely denying the RFAs without explanation. In December 2020 and January 2021, the parties each issued various third-party subpoenas for documents, and have negotiated with those parties regarding the scope of those productions.

On November 8, 2021, Defendants moved to extend the January 31, 2022 discovery deadline by 3 months, to April 30, 2022. (Dkt. No. 106). In that motion, Defendants noted that there were several discovery issues, including outstanding discovery requests, which needed to be completed. (*Id*.) This Court granted the Motion and extended the "fact discovery deadline" to May 2, 2022. (Dkt. No. 108).

On December 10, 2021, five days before the SEC was scheduled to take the deposition of a SBB employee, Defendants notified the SEC that it had uncovered approximately 200 or so documents responsive to the SEC's outstanding discovery and

proposed (a) cancelling the deposition and (b) producing the documents by end of 2021. To date, SBB still has not produced those documents.

On December 17, 2021, the SEC issued 13 interrogatory requests to Barnett (the "SEC Interrogatories"), all seeking information on a central issue in this case: Barnett's development and implementation of the SBB Model. (Ex. 1). In the main, these are contention interrogatories, issued in preparation for and to streamline Barnett's deposition (which was originally scheduled for late January 2022). For example, the interrogatories ask Barnett to explain how he developed the SBB model and its inputs, to identify and explain the information upon which he relied, and to explain how the academic journals he cited in SBB's valuation policy support the model inputs.

On December 20, 2021, Barnett's counsel notified the SEC that Barnett would not answer the SEC Interrogatories because they were "untimely under the Court's November 4, 2020 order." (Ex. 3). Barnett's counsel argued that the deadline for parties to exchange written discovery was January 18, 2021 and that "[t]he time therefore to serve these requests about well-known issues in the case was before last January [2021], not a year later." (*Id.*) In other words, Barnett believes the SEC was barred from issuing written discovery any after January 2021 even though: (a) Defendants had not yet produced their responsive documents; (b) Defendants had not yet stated critical factual and legal positions in response to the SEC's RFAs; and (c) the fact discovery deadline was January 2022.

On December 22, 2021, counsel for the SEC, Timothy Leiman and Kevin Wisniewski, met and conferred about Barnett's objection with Barnett's counsel, Heather Waller, Howard Rosenburg, and others, by telephone. Barnett's counsel confirmed that the

parties were at impasse regarding the party written discovery deadline date, and stated that Barnett would not answer the SEC Interrogatories.

## Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedure "prescribes the scope of matters upon which a party may seek discovery." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] Fed. R. Civ. P. 26(b)(1). "Because the purpose of discovery is to help define and clarify the issues," courts should broadly define the scope of relevant discovery. *See Doe v. Loyola Univ. Chi.*, 2020 WL 406771, at *2–3 (N.D. Ill. Jan. 24, 2020) (citation and internal quotation marks omitted). Under Rule 33, parties may serve interrogatories inquiring into any matter that is within the scope of Rule 26(b).

Where a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, the discovery party may move for an order compelling an answer, designation, or inspection in accordance with the request. Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court has broad discretion when deciding whether to compel discovery. "When one party poses contention interrogatories after considerable discovery, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories." *Calobrace v. American Nat'l Can Co.*, 1995 WL 51581, at *1 (N.D. Ill. Feb. 6, 1995) (*citing Rusty Jones, Inc. v. Beatrice Co.*, 1990 WL 139145, at *2 (N.D. Ill. Sept. 14, 1990)).

---

[2] Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable" and it is "of consequence in determining the action."

## Argument

The purpose of pre-trial discovery mechanisms established by the Federal Rules is "for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 500 (1947). "And generally, a court should be reluctant to excuse timely answers concerning facts and documents currently known." *Clark Equipment Co. v. Lift Parts Mfg. Co., Inc.*, 1985 WL 2917, at *7 (N.D. Ill. Oct. 1, 1985).

Interrogatories are a particularly effective way to advance and streamline litigation. Interrogatories "are not only an information gathering tool, but also an opportunity to require one's opponent to state its position on an issue in controversy in writing and under oath." *Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20 (D.D.C. 2009). That is, interrogatories "serve not only a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (Fed. R. Civ. Evid. 801(d)(2)), than an answer to an interrogatory." *Melius v. National Indian Gaming Comm.*, 2000 WL 1174994, at *1 (D.D.C. 2000). Contention interrogatories are particularly good "tools to streamline litigation." *In re Facebook*, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016); *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997) (they are "effective means" of "pin[ning] down an opponent's legal theories in a case as well as the primary facts supporting them").

In light of the public interest in liberal discovery, the burden rests on the objecting party to demonstrate why a request is improper. *See Trading Tech. Int'l v. Espeed, Inc.*, 2005 WL 1300778, at *1 (N.D. Ill. 2005). Barnett cannot carry that burden here. Barnett cannot dispute that the SEC's Interrogatories are relevant. They seek information central to this

case: Barnett's development of the SBB Model and what, if anything, he did to identify how market participants were valuing similar assets—as is required by GAAP.

In his Answer, Barnett denied the SEC's allegations that: (1) the inputs and assumptions he used in the SBB model lacked support in academic or industry practice, (2) that he strayed from the inputs and assumptions used by market participants, and (3) that he made no effort to determine how market participants were valuing similar assets. (Dkt. No. 51 at ¶¶ 52-53). Barnett also asserted as affirmative defenses his claims that his model inputs and assumptions "were appropriate for financial statements" and were based "upon information available at the time." (Dkt. No. 51 at 5th and 7th Affirmative Defenses). The SEC issued document requests and RFAs to understand Barnett's denials and defenses and the facts supporting his position. When months of fact discovery yielded no factual basis for Barnett's denials and position, the SEC issued contention interrogatories to hopefully find that information.

The SEC's Interrogatories ask Barnett to commit to a position and to give support for that position. Specifically, the SEC asks Barnett to explain how he developed the SBB Model, the basis and rationale for certain model inputs, identify all theoretical and academic support certain inputs, identify all market participants who used similar inputs to value similar assets, and to explain how certain academic papers he cited support his model inputs. (Ex. 1). Barnett must now explain how the documents and facts developed in discovery support his position. In short, the SEC asks Barnett to *take* a position on key facts and issues developed through discovery to date, which is the point of contention interrogatories. *See Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC*, 2006 WL 3253636, at *2 (N.D. Ill. Nov. 6, 2006) (contention interrogatories "require the answering

8

party to commit to a position and give factual specifics supporting its claims." (*quoting Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)); *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808, at *2 (N.D. Ind. Jan. 23, 2009) ("The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position."). The contention interrogatories will also streamline Barnett's upcoming deposition (once Defendants complete their document production).

Barnett also cannot dispute that the SEC's Interrogatories were issued and that he could have answered them prior to the ***original discovery deadline*** (January 31, 2022), let alone the ***current discovery deadline*** of May 2, 2022. Barnett himself moved to extend that deadline. Instead, Barnett contends that the SEC Interrogatories are "untimely" because the Court's January 2021 deadline for "initial discovery" was actually a deadline for ***all*** written discovery in this case – even though the Court did not say so at the time. (*See* Ex. 3). Of course, Barnett does not get to decide unilaterally when discovery begins and ends, and what types of discovery the SEC is allowed to pursue; this Court does, subject to the Federal Rules of Civil Procedure. And the Court set a clear fact discovery deadline of May 2, 2022.

Barnett's refusal to answer the SEC Interrogatories rests solely on a tortured interpretation of the schedule set by this Court on November 4, 2020. The November order established two deadlines: an "***initial discovery deadline***" of January 18, 2021 and an ***"overall discovery deadline"*** of January 31, 2022. (Dkt. No. 50; Ex. 2) (emphasis added). The "initial discovery deadline" was intended to get the parties moving on issuing written discovery and third-party subpoenas, which they did. (*See* Transcript of Nov. 4, 2020 Proceedings ("Tr.") at 8; Ex. 4). Discovery closes on the "overall discovery deadline;" it did not close on the "initial" deadline, as the parties' continuing discovery efforts demonstrate. Barnett's

9

objection to responding to additional written discovery represents a self-interested attempt to rewrite the "initial discovery deadline" – and smacks of gamesmanship.

Indeed, if Barnett's position is correct, then the parties had only a little more than **two months** to issue all written discovery. And the SEC would have had to issue its contention interrogatories to Barnett even *before* SBB answered the SEC's RFAs (which it did on February 16, 2021) and *before* Barnett produced documents. Barnett's position contradicts the letter and spirit of the Court's scheduling order and flies in the face of the very purpose of contention interrogatories, which is to "require the answering party to commit to a position and give factual specifics supporting its claims." *Auto Meter Products*, 2006 WL 3253636, at *2.

Indeed, the position advanced by Barnett is the exact reason courts have cited for finding that contention interrogatories are often most appropriate toward the close of discovery—to eliminate the possibility that the responding party has not yet had time to gather the information to support its claims or defense. *See Ziemack*, 1995 WL 729295, at *2 ("The general policy is to defer contention interrogatories until discovery is near an end, in order to promote efficiency and fairness."); *In re Dealer Management Systems Antitrust Litig.*, 2019 WL 6498081, at *6 (N.D. Ill. Dec. 3, 2019) ("As the Rule itself recognizes, contention interrogatories are often most-appropriate toward the close of discovery, or even after the close of discovery, to eliminate the possibility that a [responding party] has not yet had time to gather information to support its claim."); *Whitchurch v. Canton Marine Towing Co.*, 2017 WL 1165988, at *2 (C.D. Ill. Mar. 23, 2017) ("Contention interrogatories are often better answered after parties are near the end of discovery because they are better able to give complete responses."); *In re H&R Block Mortg. Corp. Prescreening Litig.*, 2007 WL 325351, at

*7 (N.D. Ind. Jan. 30, 2007) ("Courts routinely delay compelling responses to contention interrogatories until after considerable discovery.") (citation and internal quotation marks omitted).

What's more, at the November 4 hearing, the Court expressly stated that it was ***not*** foreclosing the issuance of follow-up written discovery after January 2021. At the hearing, Barnett's counsel specifically asked the Court to explain the two deadlines (one for initial written discovery and the other for overall fact discovery). (Ex. 4, Tr. at 6). The Court explained the purpose of the initial deadline was to avoid "delay[ing] the whole case because there may be disputes," particularly if "you've got non-party subpoenas that you're going to have trouble serving or getting compliance with." *Id*. The Court further stated: "***That doesn't mean that you won't necessarily have follow-up written discovery*** in light of information you learned from, you know, responses to written discovery or some deposition testimony" *Id*. at 7 (emphasis added). The Court therefore envisioned both sides issuing additional discovery as overall discovery progressed—which is exactly what the SEC did.

Barnett's recent request to ***extend*** the discovery deadline further highlights the gamesmanship underlying his refusal to answer the SEC Interrogatories. A few weeks ago, Barnett represented to this Court that he needed additional time to complete discovery. Now, he claims that written discovery issued to him is barred. He does not argue that there is insufficient time to respond; he merely reads the word "initial" out of the Court's order in an attempt to keep the SEC from obtaining a detailed response to interrogatories that are at the core of this case. He cannot keep the door to discovery open only for the requests he prefers while claiming that the door for the SEC to issue requests remains locked.

Because the SEC's interrogatories are relevant and timely, and Barnett has articulated no justifiable reasons for not answering them, the Court should compel Barnett to answer the interrogatories. Should the Court determine that the SEC Interrogatories are untimely, because the Court intended to cut off all written discovery in January 2021, the SEC respectfully requests this Court to extend that deadline to allow for a response to the SEC Interrogatories, as it has previously contemplated. (*See* Ex. 4, Tr. at 9 ("So at this point, rather than taking the SEC's position or the defendants' position, I'm proposing to pick a midpoint [for an initial written discovery deadline], ***and then I will see if I need to change that as time goes on based on what's happening in the case."*** (emphasis added)). Given that this Court has already granted Barnett's extension of the overall fact discovery to May 2022, such an extension here would not prejudice Barnett or the other Defendants.

<u>**Conclusion**</u>

Wherefore, for all of the foregoing reasons, Plaintiff United States Securities and Exchange Commission respectfully requests that the Court enter an order granting its motion to compel Defendant Barnett to answer the December 17, 2021 interrogatories.

February 2, 2022                                      Respectfully submitted,

                                                      /s/  Kevin A. Wisniewski
                                                     Timothy S. Leiman (leimant@sec.gov)
                                                     Robert M. Moye (moyer@sec.gov)
                                                     Kevin A. Wisniewski (wisniewskik@sec.gov)
                                                     Devlin Su (sudu@sec.gov)
                                                     U.S. SEC Chicago Regional Office
                                                     175 West Jackson Boulevard, Suite 1450
                                                     Chicago, Illinois 60604
                                                     (312) 353-7390

                                                     *Attorneys for Plaintiff U.S. Securities and*
                                                     *Exchange Commission*

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was served by the Court's ECF system upon all counsel of record.

Dated: February 2, 2022                                  /s/ Kevin A. Wisniewski
                                                                    Kevin A. Wisniewski