# EXHIBIT 4

```
 1                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   UNITED STATES SECURITIES AND    )  No. 19 C 6473
     EXCHANGE COMMISSION,            )
 4                                   )
                     Plaintiff,      )
 5                                   )
                vs.                  )  Chicago, Illinois
 6                                   )
     SBB RESEARCH GROUP, LLC,        )
 7   SAMUEL B. BARNETT, and          )
     MATTHEW LAWRENCE AVEN,          )
 8                                   )  November 4, 2020
                     Defendants.     )  11:34 a.m.
 9
                       TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HON. SHEILA M. FINNEGAN, MAGISTRATE JUDGE

11   APPEARANCES:

12   For the Plaintiff:    MR. TIMOTHY S. LEIMAN
                           MR. ROBERT M. MOYE
13                         United States Securities and
                           Exchange Commission,
14                         175 West Jackson Boulevard, Suite 1450,
                           Chicago, Illinois  60604
15
     For the Defendants:   MR. HOWARD J. ROSENBURG
16                         Kopecky Schumacher Rosenburg, LLC,
                           120 North LaSalle Street, Suite 2000,
17                         Chicago, Illinois  60601

18                         MS. ALEXANDRA S. DROZ
                           Lowenstein Sandler LLP,
19                         1251 Avenue of the Americas, 17th Floor,
                           New York, New York  10020
20
                           MR. HOWARD GREGORY BAKER
21                         Patterson, Belknap, Webb & Tyler LLP,
                           1133 Avenue of the Americas,
22                         New York, New York  10036

23
                         PATRICK J. MULLEN
24                       Official Court Reporter
                       United States District Court
25              219 South Dearborn Street, Room 1412
                         Chicago, Illinois  60604
```

1    (Telephonic proceedings on the record.)
2    THE CLERK:  19 CV 6473, SEC versus SBB Research Group,
3 et al., here for status.
4    THE COURT:  Good morning.  This is Magistrate Judge
5 Sheila Finnegan.  Can I have the attorneys for the SEC please
6 say your names for the record?
7    MR. LEIMAN:  Good morning, Your Honor.  Tim Leiman and
8 Robert Moye from the Securities and Exchange Commission.
9    THE COURT:  Good morning.
10    And counsel for the defendants, please say your names.
11    MR. ROSENBURG:  Good morning, Judge.  This is Howard
12 Rosenburg, and I'm joined with Greg Baker and Alex Droz for the
13 defendants.
14    THE COURT:  Thank you.  Good morning.
15    All right.  I have reviewed your respective joint
16 status reports.  I see there's a big difference about the
17 proposal for discovery.  As I understand it, under the
18 defendants' proposal, the fact deadline would be October 31,
19 2021.  Wait.  Let me look here.
20    MR. ROSENBURG:  Yes, that's correct.  This is Howard
21 Rosenburg.
22    THE COURT:  Oh, right.  Then the opening expert -- and
23 the SEC would say that should be whoever has the burden of
24 proof on the issue -- would make their disclosure on December
25 15, 2021, with the rebuttal disclosure more towards a couple of

1  months later in February.  Then all expert depositions would be
2  done by April 1, 2022.  So all fact and expert discovery would
3  be done by April 1, 2022.
4  　　　　　Then under the SEC's schedule, all expert and fact
5  discovery would be done by September 8, 2021, and they would
6  have some overlap in the, you know, fact and expert discovery.
7  Let's see.  They would have the fact discovery take place, and
8  then in the last few months of fact discovery it would be
9  concurrent.  So all fact and expert discovery would be done by
10 September 8, 2021.  But the expert reports for the party who
11 bears the burden of proof, those would be due on May 4, 2021,
12 and then rebuttal reports by July 8, 2021.  Then there would be
13 a couple months after that, I guess, for depositions.
14 　　　　　So there's a big difference between September 8, 2021,
15 and April 1, 2022.  I understand the SEC does have a lot of
16 time pre-lawsuit to, you know, do its investigation, gather
17 information.  I don't really have much of a factual basis to
18 assess your respective positions.  I do want to make sure we're
19 moving ahead with discovery promptly, especially any third
20 party discovery because that could result in problems with
21 serving and complying, you know, with motions to compel.  Maybe
22 (inaudible) won't be happening in this jurisdiction and wind up
23 being that most of the third parties aren't in the Northern
24 District of Illinois, and then you have fights over scope and
25 burden.

1  I have read Judge Coleman's ruling on the motion to
2  dismiss just for background. I've started but didn't finish
3  reading the other pleadings. I think at this point, you know,
4  what I would do is set a deadline for issuing written discovery
5  just to get that started, and I will set a deadline at the end
6  of January and then I'll see where we are.
7  But right now, until I kind of get a better sense of
8  the scope of the discovery, what the issues are, what problems
9  there are, you know, it's hard to set a date, and sometimes
10 those deadlines we set do move based on what happens. So
11 that's what I am inclined to do.
12 Let me hear from first the SEC and then from
13 defendants about what I have just said I would plan on doing
14 and what you think a reasonable deadline would be for issuing
15 written discovery, including non-party subpoenas if you know
16 that you need them now so you can get those issued.
17 MR. LEIMAN: Your Honor, this is Tim Leiman for the
18 SEC. As an initial step, I think the end of January makes
19 sense. Our main concern with discovery in general is that, you
20 know, based on the ruling on the motion to dismiss, we're
21 looking at the meat of the case is about the experts, and
22 having, you know, delays would be a concern and also not having
23 (inaudible) is a concern in case fact issues come up. But as
24 an initial step, I think the end of January sounds fine for
25 issuing written discovery.

1     THE COURT: And what about the proposal for when the
2 parties should issue written discovery to get them going?
3     MR. LEIMAN: I think as far as issuing the written
4 discovery from the parties, I think, you know, we can do that
5 sooner, but the end of January is fine.
6     THE COURT: I mean, I would like to set an interim
7 deadline for the parties to actually issue written discovery,
8 whether that's in like 60 days or, you know, 90 days, so that
9 we get those subpoenas out for a number of those party
10 discovery subpoenas and not have that be delayed to far into
11 the, you know, discovery period. So I would like to know your
12 proposal, and then I'll hear from defendants on what deadline I
13 should set just for the issuance of initial written discovery
14 and subpoenas.
15     MR. LEIMAN: Sure. 60 days sounds reasonable to us,
16 Your Honor.
17     THE COURT: All right. Have the parties done their
18 Rule 26(a)(1) disclosures, and is there any reason we should or
19 should not do those as well and I should set a deadline for
20 doing those?
21     MR. LEIMAN: Your Honor, again, Tim Leiman for the
22 SEC. We exchanged those as part of our informal discovery, you
23 know, back when the case was still pending on the motion to
24 dismiss.
25     THE COURT: All right. Why don't I hear from defense

1  counsel on the same questions.
2  　　　　MR. ROSENBURG:  Your Honor, I think we're fine with
3  that.  Again, this is Howard Rosenburg.  One question that I
4  have is the decision between what Your Honor's thoughts are
5  about the 60-day deadline for issuing discovery versus you
6  mentioned the end of January?
7  　　　　THE COURT:  Yes.
8  　　　　MR. ROSENBURG:  I just wasn't sure what the difference
9  was between those two.
10 　　　　THE COURT:  Yes.  So what we often do -- and a number
11 of judges do this -- is we set an overall deadline to complete
12 fact discovery, but obviously, you know, you're going to
13 have -- usually the parties start with written, and then they
14 take depositions after that, although they're not foreclosed
15 from doing it a different way.  But often we will set also a
16 deadline for issuing that initial written discovery, but that
17 may end up -- you know, if that's delayed, it can delay the
18 whole case because there may be disputes.  You may have to meet
19 and confer, and maybe you've got non-party subpoenas that
20 you're going to have trouble serving or getting compliance
21 with.  So it's just a deadline to get your written discovery
22 issued to each other and to, you know, issue the subpoenas.
23 　　　　So you shouldn't wait, you know, if I set a deadline
24 of January, the end of January, to November 30th to issue for
25 written discovery or your subpoenas and then say:  Oh, Judge,

1    we need an extension of time because we're still meeting and
2    conferring, and we're having trouble getting compliance from
3    these third parties and we think they're evading service, or
4    whatever it is.
5         So let's say we have requests for discovery out in a
6    60 days, for example. That doesn't mean that you won't
7    necessarily have follow-up written discovery in light of
8    information you learned from, you know, responses to the
9    written discovery or some deposition testimony.
10        MR. ROSENBURG: Sure, Your Honor. This is Howard
11   Rosenburg. Sure, that makes perfect sense. I was just
12   confused between 60 days from now versus January 31st and was
13   there a distinction between the two, but in any event the
14   dates --
15        THE COURT: Oh, I see what you're saying.
16        MR. ROSENBURG: Yeah.
17        THE COURT: When I pick any date, in proposing
18   January, that was between the defendant's proposal of October
19   31, 2021, and the -- sorry. Now I'm getting confused. Yes, I
20   was looking at the overall deadline and seeing that the SEC's
21   position for the overall deadline for all discovery was May --
22   no, September 8, 2021, and I was proposing that that would be
23   January 31, 2022.
24        MR. ROSENBURG: I see.
25        THE COURT: But that's not defendants' position. So I

1 understand why you were confused on that.  I didn't mean it to
2 be.
3    MR. ROSENBURG:  Yeah, I apologize.
4    THE COURT:  So I came up with a median position
5 between your views on how much time should be allowed for
6 discovery.  I wasn't suggesting the end of January for just
7 issuing written discovery.
8    MR. LEIMAN:  Your Honor, this is Tim Leiman for the
9 SEC.  I apologize, but now I'm confused.  I thought you said
10 that the end of January would be for a status to determine
11 whether we had, in fact, gotten out all the written discovery
12 and things were moving ahead.  I didn't think you were
13 mentioning that with regard to 2022 for our close of fact
14 discovery, so I apologize for that.
15    THE COURT:  All right.  So let me be more clear then.
16 We are going to give two dates today.  One is going to be a
17 deadline to serve initial written discovery.  For that date,
18 the SEC has proposed 60 days, and I'll hear from defense
19 counsel on that proposal.  Then the second date we're going to
20 set is an overall deadline for discovery to be done, fact and
21 expert, recognizing that that date may move depending on what
22 happens in the interim.
23    But, you know, we have to set deadlines.  Right now I
24 only have your joint status reports to inform my decision.  I
25 recognize defendants are asking for more time.  I also

recognize that the SEC has the benefit of a lot of pre-lawsuit time to do your investigation and gather whatever information you needed. So at this point, rather than taking the SEC's position or the defendants' position, I'm proposing to pick a midpoint, and then I will see if I need to change that as time goes on based on what's happening in the case.

But given that, let me hear from defendants, and then I'll allow the SEC to say if you want to change your mind on anything that you've said or anything further.

MR. ROSENBURG: This is Howard Rosenburg for defendants. I think that's generally fine. If we could get maybe 75 days for the -- to issue the written discovery, my only concern is that I want to have the opportunity to look at some of the initial discovery from the SEC which will help us figure out the scope of the third parties that we want to issue discovery to as well. The end of January 2022 date, I think that's okay. We're okay with that.

THE COURT: I think I missed at the very beginning what you said. How much time do you want for the initial written discovery deadline?

MR. ROSENBURG: 75 days. Yes, 75 days, two and a half months.

THE COURT: All right. Why don't I hear from the SEC then.

MR. LEIMAN: Your Honor, Tim Leiman for the SEC. We'd

1  like to keep things moving. There's already been considerable
2  discovery given as far as identifying third parties. We gave
3  them our 26(a)(1)s months ago. We've given them, you know,
4  over 50 pages of answers to the contention interrogatories.
5  This isn't a new case. This isn't, you know, a mystery as to
6  determining who the parties and third parties are.
7  　　　　　You know, if there's a specific, you know, conflict or
8  something like that, we want to be flexible on dates. But we
9  want to keep things moving, and two months should be more than
10 enough time to get our initial discovery requests out.
11 　　　　　THE COURT: Okay. Well, I'm going to allow 75 days.
12 It's a difference of 15 days. Granted, it's (inaudible), but I
13 don't think it's going to prejudice anybody on that. So the
14 dates are -- let me ask Mr. White to give the parties the date
15 75 days from today for issuing any initial written discovery.
16 　　　　　THE CLERK: So 75 days from today is Monday, January
17 18th.
18 　　　　　THE COURT: All right. Then I assume January 2022,
19 the last day of that month is a weekday?
20 　　　　　THE CLERK: January 2021 is a --
21 　　　　　THE COURT: '22.
22 　　　　　THE CLERK: Okay. Let me double-check to see what the
23 calendar says.
24 　　　　　THE COURT: If it's a Saturday, then it would be the
25 following Monday. We'll figure that out. We will put the date

1 in. If it's a Saturday, we'll put in the following Monday.
2 THE CLERK: January 31st.
3 THE COURT: I'm going to -- go ahead.
4 THE CLERK: Monday, January 31st, 2022.
5 THE COURT: Okay. I'm going to defer on the
6 disclosure dates for experts until I have more information, and
7 I'll hear from the parties again on that. I would like to set
8 a date for the parties to file a joint status report. It
9 probably makes sense after you served the written, looked at
10 it, conferred, for me to have a joint status report due after
11 that. You can let me know then if you want to have a telephone
12 status with me or not.
13 At some point, I'd really like to set a deadline for
14 filing motions to compel so it doesn't delay the written
15 discovery for too long. What is your suggestion for a date for
16 a joint status report, given the schedule I've now entered?
17 MR. LEIMAN: Your Honor, Tim Leiman for the SEC. The
18 ruling was, let's see, 74 days to issue written discovery and
19 then a week later to have a status hearing before the Court on
20 where things are and where we perceive them.
21 THE COURT: All right. Are you comparing a status
22 hearing to a joint status filing, a joint status report?
23 MR. LEIMAN: I think that would be more useful.
24 THE COURT: All right. By the way, you're not
25 foreclosed from serving your initial written discovery, you

1  know, tomorrow if you want to.  That's just a deadline to serve
2  it.
3       Mike, can you pick a date approximately a week after
4  the initial written discovery is served?
5       THE CLERK:  Yes, Monday, January 25th, at 9:30 a.m.
6       THE COURT:  All right.  I will obviously want to know
7  more about the scope of the discovery that's been served that's
8  outstanding.  So on a case of this size, you can expect -- I
9  won't do it this next time, but I'm going to want a joint
10 status report that's pretty robust in telling me how many
11 subpoenas have been issued, how many requests for production,
12 you know, what's going on.  So I'm probably going to want you
13 to get in the habit of just filing a joint status report,
14 written, and just updating it, and it's also a nice vehicle for
15 the district judge to keep abreast of the case during this
16 time.  So I won't do it on January 25th, but if the parties are
17 in agreement and you want to do it, you can go ahead and file
18 one, but file it, you know, before the 25th, even if it's just
19 the day before.
20      Is there anything further either side would like to
21 raise at this time?  First I'll ask the SEC, and then I'll ask
22 defendants.
23      MR. LEIMAN:  Nothing from the SEC.  Thank you, Your
24 Honor.
25      MR. ROSENBURG:  I'm sorry, Your Honor.  We did mention

1 at the bottom of our filing that there's a question about
2 depositions, about whether they are allowed to proceed
3 remotely.
4     THE COURT: I'm going to defer on that until we
5 actually have a deposition that someone raises (inaudible)
6 because I think it will depend on what those circumstances are.
7 I would point out, you know, that I will hear from the parties
8 on why it shouldn't be done the way (inaudible) and whatever
9 the circumstances are.
10     Anything further?
11     MR. LEIMAN: No.
12     THE COURT: All right. Thank you, everyone. Have a
13 good afternoon.
14     MR. ROSENBURG: Thank you.
15     MR. LEIMAN: Thank you, Your Honor.
16    (Proceedings concluded.)

17     C E R T I F I C A T E

18     I, Patrick J. Mullen, do hereby certify the foregoing
is an accurate transcript produced from an audio recording of
19 the proceedings had in the above-entitled case before the
Honorable SHEILA M. FINNEGAN, one of the magistrate judges of
20 said Court, at Chicago, Illinois, on November 4, 2020.

21                         */s/ Patrick J. Mullen*
                          Official Court Reporter
22                           United States District Court
                          Northern District of Illinois
23                           Eastern Division

24

25