IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) No. 19 C 6473 |
| v. | ) ) Judge Sharon Johnson Coleman |
| SBB RESEARCH GROUP, LLC, et al., | ) Magistrate Judge Sheila Finnegan ) |
| Defendant. | |

## ORDER

Defendants SBB Research Group, LLC ("SBB"), Samuel B. Barnett, and Matthew Aven (collectively, "Defendants"), have filed a Limited Motion for Clarification, or in the Alternative Reconsideration, of the Court's Interlocutory Order of February 11, 2022. (Doc. 122). In that order, this Court issued rulings on a number of discovery disputes. The one at issue now is the ruling that the SEC need not produce communications related to its settlement negotiations with SBB's auditor, RSM. Defendants had moved to compel those settlement materials (Doc. 69), while the SEC had moved for a protective order to withhold them (Doc. 71). In the pending motion, Defendants now seek clarification, or in the alternative reconsideration, of that ruling in relation only to three PowerPoint presentations (the "RSM-SEC Presentations"). The motion is granted in part and denied in part.

## DISCUSSION

I.  Request for Clarification

Defendants' request for clarification of whether the RSM-SEC Presentations are settlement communications subject to the Court's ruling is granted. In their motion,

1

Defendants questioned whether the presentations qualified as settlement communications covered by the order. In response, the SEC submitted two of the RSM-SEC Presentations (those prepared by the SEC for meetings with RSM counsel in April 2018 and February 2019) for *in camera* review. Based on that review, the Court confirms that they are indeed settlement communications, and so clarifies that these presentations are subject to the February 11, 2022 order. This conclusion is based on the substantive content of the documents, as well as the labeling of each page as for settlement purposes only.[1] In addition, the presentations were shown only to counsel (no RSM witnesses attended the meetings), and counsel were not given copies. As for the third presentation, the SEC represents that it is not in possession of that PowerPoint and never has been; RSM prepared it and did not provide a copy to the SEC, instead showing the presentation on a video display during an in-person meeting with the SEC.

## II. Request for Reconsideration

Defendants' request for reconsideration of the February 11, 2022 order in relation to the three RSM-SEC Presentations is denied. As to the presentation prepared by RSM, the request is moot since the SEC does not possess that document and so cannot produce it. As to the presentations prepared by the SEC for meetings in April 2018 and February 2019, the motion is denied for two reasons.

First, Defendants do not meet the high standard for seeking reconsideration of an interlocutory ruling. They ask the Court to reconsider its order under Rule 54(b) and pursuant to the Court's inherent authority to revise interlocutory orders prior to the entry

---

[1] Each slide of the presentations contains the following language: "FOR SETTLEMENT PURPOSES ONLY, SHARED PURSUANT TO FED. R. EVID. 408 & DODD-FRANK § 929K (D), (E) & NOT FOR REPRODUCTION OR DUPLICATION."

of judgment. (Doc. 122, at 9); *see also* FED. R. CIV. P. 54(b). "[N]umerous courts have held that a motion to reconsider an interlocutory order is permissible" under Rule 54(b). *Vill. of Schaumburg v. St. Paul Mercury Ins. Co.*, No. 07 C 6654, 2009 WL 1409699, at *1 (N.D. Ill. May 20, 2009) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). But such reconsideration "is appropriate only to correct 'manifest errors of law or fact.'" *Armada (Singapore) Pte Ltd. v. Amcol Int'l Corp.*, No. 13 C 3455, 2017 WL 1862836, at *1 (N.D. Ill. May 9, 2017) (quoting *Chicago Reg'l Council of Carpenters v. Prate Installations, Inc.*, No. 10 C 5431, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011)). As the Seventh Circuit has cautioned, bases for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191. Reconsideration thus "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Nothing in Defendants' latest submissions convinces the Court that they have met this high standard so as to justify a second bite at the apple. They do not identify a manifest error of law or fact, or any other sufficient basis for reconsideration. To the contrary, Defendants acknowledge that the Court considered the relevant factors weighing in favor of and against production of settlement documents during the February 11, 2022 hearing: probative value, burden of production, and the potential chilling effect on settlement negotiations. (Doc. 122, at 3). And the specific arguments advanced in support of reconsideration are, as the SEC argues, essentially "recycled" from before. (Doc. 126, at 2). Even were this not so, Defendants could have raised the arguments in

3

the prior round of briefing and argument. For these reasons, Defendants are not entitled to reconsideration.

Second, even with the benefit of *in camera* review of the two RSM-SEC Presentations and additional briefing from the parties, the Court's analysis leads to the same conclusion as it did on February 11, 2022, so it declines to order production of the two presentations on that basis as well. In light of the ample discovery already in hand and depositions still to be completed, "the incremental probative value of what defendants are fishing for by seeking production of all settlement communications is substantially outweighed by the burden of producing them and could also have a chilling effect on settlement negotiations[.]" (Doc. 119, at 25). While it is true that, during the February 11 hearing, the Court did not explicitly address the argument that settlement materials would reveal "what RSM knew and when" about the SEC's concerns regarding the SBB audits (Doc. 132, at 13), the Court did consider it. As before, the argument is wanting given the volume of discovery available to Defendants from which they may seek to learn this information.[2] And even assuming all of the discovery obtained to date is silent on this topic, they can still depose RSM witnesses and SEC examiners about their discussions with one another regarding SBB audit concerns.

---

[2]  These materials include: transcripts of on-the-record testimony of multiple RSM employees taken before RSM resigned as SBB's auditor; SEC examiner notes of meetings with RSM; the Wells Notice to RSM and audit partner Weil and their responses; a transcript of Weil's testimony about the basis for RSM's resignation; and the settlement agreements between the SEC and RSM in relation to the SBB and MadCap audits.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion for clarification, but denies the alternative request for reconsideration, of the February 11, 2022 order (Doc. 122).

ENTER:

Dated: July 29, 2022

_____
SHEILA FINNEGAN
United States Magistrate Judge