UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SBB RESEARCH GROUP, LLC, et al.,<br><br>Defendants. | Case No. 19-CV-06473<br><br>Judge Sharon Johnson Coleman |

**ORDER**

Defendants SBB Research Group, LLC, Samuel B. Barnett, and Matthew Lawrence Aven's Limited Objection to Magistrate Judge's Orders Denying Defendants' Motion to Compel Production of Two RSM-SEC Presentations [140] is denied.

This Order originates from plaintiff Securities and Exchange Commission's ("SEC") lawsuit against defendants SBB Research Group, LLC, et al. The SEC contends that SBB (a financial adviser) and two of its officers (Samuel B. Barnett and Matthew Lawrence Aven) manipulated a financial model to fraudulently inflate investment values. The parties are currently engaged in discovery. In response to defendants' request for production, plaintiff withheld certain settlement communications with RSM (SBB's auditor from 2013-2017), including two presentations the SEC made to RSM on April 18, 2018 and February 15, 2019. Defendants believe the SEC should produce these two "highly relevant" presentations due to their capacity to reveal witness bias and the specific concerns the SEC shared with RSM about defendants' conduct at these two points in time. The SEC argued these presentations should be withheld because they are settlement communications.

1

Magistrate Judge Finnegan considered this issue at a February 11, 2022 hearing. She determined that the SEC could properly withhold settlement communications, including these two contested presentations. In coming to this conclusion, Magistrate Judge Finnegan considered how defendants have other key documents that can reveal witness bias—one of defendants' stated rationales for compelling the records—including 9,000 pages of discovery, Wells Notices, and the SEC-RSM settlement agreement. She also referenced a S.D.N.Y. opinion, *SEC v. Gupta*, No. 11-cv-7566, 2012 WL 1592525 (S.D.N.Y. May 1, 2012), to emphasize that the best evidence of bias comes from RSM's actual settlement agreements with the SEC, which had been produced to defendants. After weighing the probative value of producing additional settlement communications with the burden of production, as well as the chilling effect the release of these documents could have on settlement negotiations, Magistrate Judge Finnegan found that the SEC could withhold settlement communications, including the two RSM presentations. Defendants requested Magistrate Judge Finnegan reconsider, specifically regarding the two RSM-SEC presentations. Upon considering defendants' request, Magistrate Judge Finnegan denied it, confirming her original ruling from February 2022. On August 22, 2022, defendants filed an objection to Magistrate Judge Finnegan's ruling.

Orders on routine discovery issues are considered non-dispositive under Rule 72(a) and the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943–44 (7th Cir. 1997); *see also S Indus., Inc. v. Centra 2000, Inc.,* 249 F.3d 625, 627 (7th Cir. 2001) ("We will not reverse a determination for clear error unless it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish."). If the Court finds there are two permissible views, it should not overturn the decision solely because

2

it would have chosen differently than the magistrate judge. *Day v. River Forest Sch. Dist. 90,* No. 10 CV 4426, 2012 WL 3835840, at *1 (N.D. Ill. Sept. 4, 2012) (Manning, J.)

The parties contest whether the above-cited standard applies. Defendants argue that this Court should engage in *de novo* review because Magistrate Judge Finnegan acted contrary to law when she afforded what defendants describe as "heightened discovery protections [to] settlement communications." Defendants place great weight on Rule 26(b)(1)'s amended language that "discovery need not be admissible in evidence to be discoverable." (Dkt. 140 at 11.) They contend that Magistrate Judge Finnegan improperly based her ruling on the admissibility of settlement communications, which is contrary to the standard provided in Rule 26 and thus contrary to law.

Magistrate Judge Finnegan did not rule that the presentations can be withheld because they may be inadmissible. Instead, she considered the impact that revealing these presentations could have on future settlement negotiations, among other Rule 26 factors. *Cf. Sherman v. Brandt Industries USA Ltd.*, No. 20-cv-1185, 2021 WL 8566001, at *4 (C.D. Ill. July 15, 2021) (finding it "contrary to the law" for the magistrate judge to grant a motion to quash "on the basis that the information requested would be inadmissible into evidence"). This is not a question of law and the Court will review Magistrate Judge Finnegan's decision for clear error. The Court finds none.

Under Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Because "evidence need not be admissible to be discoverable[,] [t]he only question [] is whether the discovery sought meets the standard set out in Rule 26(b)(1) for relevance and proportionality."

3

*Arcelormittal Indiana Harbor LLC v. Amex Nooter, LLC*, No. 2:15-cv-195-PRC, 2016 WL 614144, at *6 (N.D. Ind. Feb. 16, 2016) (Cherry, M.J.).

Defendants argue they are entitled to production of these documents because settlement communications are not afforded a heightened level of protection under Rule 26. Defendants are correct that settlement documents "*may* be admitted" when done for a proper purpose, "such as proving a witness's bias or prejudice." *Federal Deposit Insurance Corp. for Valley Bank v. Crowe Horwath LLP*, No. 17-cv-04384, 2018 WL 3105987, at *12 (N.D. Ill. June 25, 2018) (Chang, J.) (emphasis added and internal citation omitted). While defendants claim that these documents may reveal witness bias, that does not mean they are entitled to the documents.

Magistrate Judge Finnegan had discretion to determine whether the presentations should be produced under Rule 26(b)(1). Defendants have not pointed to any law or case precluding a judge from considering the impact on settlement when evaluating whether to order discovery under Rule 26. Indeed, Magistrate Judge Fuentes recently considered the chilling effect on settlement when denying a party's motion to compel documents related to settlement negotiations. *See Washtenaw County Employees' Retirement Sys. v. Walgreen Co.*, No. 15-cv-3187, 2019 WL 6108220, at *3–*6 (N.D. Ill. Nov. 15, 2019) (Fuentes, M.J.) (discussing how Rule 408 is not important "under a theory that inadmissibility is an obstacle to their discovery" but rather because "the policies underlying FRE 408 move to the forefront" when the party seeks material "for the express purpose of proving or disproving the validity or invalidity of a claim or defense"). Defendants cite *Arcelormittal* to support their claim that Magistrate Judge Finnegan improperly imposed a heightened standard for settlement communications. In *Arcelormittal*, Magistrate Judge Cherry required the production of settlement materials because it found that the materials met Rule 26(b)(1)'s standard for relevance and proportionality in that case. *Arcelormittal*, 2016 WL 514144, at *6–*7. As acknowledged in *Washtenaw*, Magistrate Judge Cherry did not meaningfully engage with whether the released

4

documents could have a potential impact on settlement discussions. *Washtenaw,* 2019 WL 6108220, at *3–*4.

In this instance, Magistrate Judge Finnegan did not impose any heightened standard for settlement materials. She evaluated the proportionality of discovery under Rule 26 and determined, given the extensive amount of discovery materials available and the potential implications production may have on future settlement negotiations, that the SEC did not have to produce these presentations. Reviewing Magistrate Judge Finnegan's decision under a "clear error" standard, this Court finds that Magistrate Judge Finnegan made no definitive mistake. Defendant's objection to Magistrate Judge Finnegan's decision is overruled.

IT IS SO ORDERED.

Date: 11/22/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge