# EXHIBIT 3

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 2 of 7 PageID #:11109

Searcy v. United States, Not Reported in Fed. Supp. (2020)

2020 WL 4187392
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Karl Eric SEARCY, as Personal Representative of the Estate of Matthew Martin Searcy, deceased, Plaintiff,
v.
UNITED STATES of America, Defendant.

Civil No. 19-80380-cv-Dimitrouleas/Matthewman
|
Signed 07/21/2020

**Attorneys and Law Firms**

Christian D. Searcy, Elise Sherr Allison, Donald Jack Ward, III, Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, FL, for Plaintiff.

Lawrence Nathan Rosen, United States Attorney's Office, Miami, FL, Alicia Hayley Welch, U.S. Attorney's Office, Fort Lauderdale, FL, for Defendant.

**ORDER ON PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT'S EXPERT STUART GOLDMAN, M.D., FROM OFFERING OPINIONS AS TO BECKY SEARCY [DE 44]**

WILLIAM MATTHEWMAN, United States Magistrate Judge

 *1  THIS CAUSE is before the Court upon Plaintiff's, Karl Eric Searcy, as Personal Representative of the Estate of Matthew Martin Searcy, deceased ("Plaintiff"), Motion to Preclude Defendant's Expert Stuart Goldman, M.D., from Offering Opinions as to Becky Searcy ("Motion") [DE 44]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. See DE 11. Defendant, the United States of America ("Defendant"), has filed a response to the Motion [DE 47], and Plaintiff has filed a reply [DE 52]. The Court held a hearing on the Motion via Zoom Video Teleconference (VTC) on July 16, 2020. The matter is now ripe for review.

**I. BACKGROUND**

This lawsuit brought pursuant to the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-268, arises from a fatal motor vehicle accident that occurred on December 19, 2017. In that accident, U.S. Immigration and Customs Enforcement Deportation Officer David Singh, driving a Government-issued Dodge Caravan, was traveling eastbound on Indiantown Road and turning left onto an I-95 entrance ramp. The decedent, Matthew Searcy, driving a Honda motorcycle, was traveling westbound on Indiantown Road. As Singh turned left across Indiantown Road toward the I-95 entrance ramp, the right front area of the van collided with the front of Searcy's motorcycle, killing Searcy.

Matthew Searcy is survived by his wife, Rebecca ("Becky") Searcy and his daughter, Coco Searcy. [DE 44, p. 1]. At the time of Matthew Searcy's death, Becky Searcy was approximately two months pregnant with Coco Searcy. *Id.*

On March 18, 2019, Plaintiff filed a negligence claim for wrongful death against the United States under the FTCA, seeking compensatory damages in the amount of $50,000,000. See [DE 1]. The case is set for a bench trial during the Court's two-week trial calendar beginning August 10, 2020. *See* DE 11.

**II. MOTION, RESPONSE, AND REPLY**

In his Motion, Plaintiff asserts that Defendant's expert, Stuart Goldman, M.D., a child psychiatrist, authored a report that was provided to Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i) on February 24, 2020. [DE 44, p. 2]. The report is attached to the Motion as Exhibit A. *Id.* Plaintiff points out that page 2 of the report states, "Focus of this report: A consultation confined to Coco Searcy's status and future prognosis," and further, the case synopsis states: "(With a focus on the relevant elements pertaining to Coco Searcy)." *Id.* According to Plaintiff, Dr. Goldman's analysis is limited to the factors affecting Coco Searcy and a summary limited to Coco Searcy. *Id.* However, at Dr. Goldman's deposition, which took place on May 20, 2020, and June 5, 2020, the doctor offered several previously undisclosed opinions as to Becky Searcy. *Id.* The deposition transcripts are attached to the Motion as Exhibit B. *Id.*

Plaintiff now seeks to preclude Stuart Goldman, M.D., from offering opinions as to Becky Searcy on the basis that none of those opinions were properly disclosed in his Rule 26 report.

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 3 of 7 PageID #:11110

Searcy v. United States, Not Reported in Fed. Supp. (2020)

[DE 44, p. 2]. Plaintiff cites to the specific portions of Dr. Goldman's deposition during which he opined about Becky Searcy. *Id.* at pp. 4-7. According to Plaintiff, Defendant can provide no substantial justification for the failure to include opinions about Becky Searcy's status and prognosis in Dr. Goldman's report before the deadline, and the "prejudice is obvious as Plaintiff was surprised with new opinions at Dr. Goldman's deposition with no time to obtain rebuttal opinions or prepare for effective cross-examination." *Id.* at p. 7.

**\*2** In response, Defendant asserts that it retained Dr. Goldman to address the "current and likely future for Coco Searcy" and that, in his report, Dr. Goldman notes that "despite Coco's mother's diagnoses, Rebecca has the ability to read the cues of her infant and respond appropriately to those cues. He notes that there is no evidence that the stress of the accident affected the maternal and child attachment." [DE 47, p. 2]. Defendant maintains that Dr. Goldman does not intend to testify at trial as to the current condition of Becky Searcy and that Dr. Goldman simply responded to Plaintiff's counsel's extensive questions about Becky Searcy's diagnosis during his nine-hour deposition. *Id.* Defendant asserts that its counsel solely asked follow-up deposition questions in the areas that Plaintiff's counsel opened the door to, but it was "not Dr. Goldman's intent to offer opinions on Rebecca Searcy's current condition." *Id.* at pp. 5-6. Defendant contends that Dr. Goldman only intends to offer opinions on how Becky Searcy's conditions affect Coco now and in the future. *Id.* at p. 6. Defendant also emphasizes that, since there will be a bench trial in this case, "the Court is best suited to determine how the testimony would assist the Court." *Id.* Finally, Defendant argues that "Dr. Goldman should be permitted to testify based on Plaintiff's retained expert reports, depositions, trial testimony and peer reviewed medical literature what would be the likely impact of those conditions on Coco, and Coco's likely response to those conditions now and in the future given the natural course of the psychiatric conditions identified by Plaintiff's expert." *Id.* at p. 7

In reply, Plaintiff states that he is seeking to preclude Dr. Goldman from testifying "not just as to Becky Searcy's current condition," but also as to her

future prognosis, willingness to seek treatment, the manner in which she was evaluated by Dr. Michael Hughes, the effect of peer-reviewed medical literature with respect to Becky Searcy, the natural course of Becky Searcy's conditions, his experience with respect to treatment as it relates to Becky Searcy, treatment and medication recommendations as to Becky Searcy, and any other opinions specifically related to Becky Searcy, none of which are addressed in Dr. Goldman's Rule 26 report.

[DE 52, p. 2]. According to Plaintiff, there is no mention throughout Dr. Goldman's entire report of "what Becky Searcy's current psychological conditions are and the effect that those conditions will have on Coco, nor is there any mention in his report of the diagnosis, prognosis, or treatment of Becky Searcy." *Id.* at p. 4. Additionally, while the report does list the Psychiatric Evaluation of Rebecca Searcy by Dr. Hughes in the "Documents Reviewed" section, Dr. Goldman makes no mention of Dr. Hughes' findings from that report with respect to Becky Searcy. *Id.*

Plaintiff argues that Defendant offers no explanation for its failure to provide a report for Dr. Goldman setting forth opinions with respect to Becky Searcy, so the appropriate remedy is to restrict Dr. Goldman's opinions to those in his Rule 26 report and to preclude him from opining as to Becky Searcy, including her diagnosis, prognosis, or present or future treatment. [DE 52, p. 4]. Plaintiff specifically requests that the Court order that Dr. Goldman be precluded from testifying as to Becky Searcy's current condition, as well as to her "future prognosis, willingness to seek treatment, the manner in which she was evaluated by Dr. Michael Hughes, the effect of peer-reviewed medical literature with respect to Becky Searcy, the natural course of Becky Searcy's conditions, his experience with respect to treatment as it relates to Becky Searcy, treatment and medication recommendations as to Becky Searcy, and any other opinions specifically related to Becky Searcy." *Id.* at p. 10.

### III. RELEVANT LAW

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 4 of 7 PageID #:11111

Searcy v. United States, Not Reported in Fed. Supp. (2020)

written expert report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.' " *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The expert disclosure requirement is met when an expert disclosure "is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Democratic Rep. of Congo v. Air Capital Grp., LLC*, No. 12-20607, 2013 WL 2285542, at *3 (S.D. Fla. May 23, 2013).

**\*3** Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless." *Id.* (citing *Surety Assocs., Inc. v. Fireman's Fund Ins. Co.*, 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003)).

As to whether a failure to disclose an expert opinion is substantially justified, there must exist "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 WL 3410028, at *2 (S.D. Fla. July 29, 2019) (quoting *Ellison v. Windt*, 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted)). As to whether a failure to disclose an expert opinion is harmless, the case law states that, "[a] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Id.* (citing *Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.*, 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005)). "Whether a failure to make sufficient expert disclosures is harmless is dependent on several factors including: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; and (4) the importance of the evidence." *Ford as Next Friend of Doe v. NCL Bahamas Ltd.*, No. 17-CV-24404, 2019 WL 3937127, at *5 (S.D. Fla. June 4, 2019), *objections overruled,* No. 17-CV-24404, 2019 WL 3302368 (S.D. Fla. July 23, 2019) (citing *Ward v. Carnival Corp.*, No. 17-24628-CV, 2019 WL 1228063, at *2 (S.D. Fla. Mar. 14, 2019)).

Therefore, if a party fails to timely disclose an expert or an expert's opinion, the Court can exclude the expert or the undisclosed opinion. Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of evidence. *Columna, Inc. v. UnitedHealthcare Ins. Co.*, No. 9:18-CV-81737, 2020 WL 624120, at *2 (S.D. Fla. Feb. 11, 2020) (citing *Companhia Energetic Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016)).

As stated above, a party does have an obligation to list all of an expert's opinions in the party's expert disclosure. However, it is well-established that Rule 26 "does not limit an expert's testimony simply to reading his report. The Rule contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655, 663 (M.D. Fla. 2012), aff'd, 725 F.3d 1377 (Fed. Cir. 2013) (quoting *Muldrow ex rel. Estate of Muldrow v. Re–Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

This issue is much less problematic in the context of a non-jury bench trial. "[C]ourts are advised to deny motions in limine in non-jury cases." *Bujarski v. NCL (Bahamas) Ltd.*, No. 1:15-cv-21066-UU, 2016 WL 7469997, at *1 (S.D. Fla. Jan. 7, 2016) (quoting *Singh v. Caribbean Airlines Ltd.*, No. 13-20639, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014)). But, most important of all, there is no need for the Court to deny the admissibility of an expert report where the Court is acting as fact-finder. In a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *Jones Superyacht Miami, Inc. v. M/Y Waku*, No. 19-20735-CIV, 2020 WL 1666724, at *7 (S.D. Fla. Apr. 3, 2020) (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)). "Nevertheless, the Court is not precluded from granting motions to exclude evidence in a bench trial, especially where resolution of the motion would streamline the trial process." *Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*, No. 1:18-CV-21733-UU, 2019 WL 5256980, at *4 (S.D. Fla. Mar. 22, 2019)

**IV. ANALYSIS AND RULING**

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 5 of 7 PageID #:11112

Searcy v. United States, Not Reported in Fed. Supp. (2020)

**\*4** The Court has carefully considered the Motion, response, and reply, as well as the arguments made at the July 16, 2020 hearing. The issue presented by the parties is really quite simple. Dr. Goldman is a child psychiatrist. He issued a report which is filed at DE 44-1. His report clearly states that his consultation is confined to Coco Searcy's status and future prognosis. The "Documents Reviewed" section of his report states that Dr. Goldman reviewed the "Psychiatric Evaluation of Rebecca Searcy (Dr. Hughes)" and the "Deposition of Rebecca Searcy." *Id.* at p. 1. Additionally, the report discusses Becky Searcy in terms of her pregnancy [DE 44-1, p. 2]; the identity of Coco's caretakers [DE 44-1, p. 2]; Becky's relationship with her partner, Luke Smith [DE 44-1, p. 2]; Becky's deposition testimony about Coco's growth and living situation [DE 44-1, p. 2]; the strong bond between Coco and Becky [DE 44-1, p. 4]; and the possible affects on Coco if Becky chooses to marry Luke Smith [DE 44-1, pp. 4-5].

It is obvious to the Court that Defendant retained Dr. Goldman to opine as to the minor (two-year-old) child, Coco Searcy, and, in the course of forming his opinions, Dr. Goldman necessarily had to take into account some information about his mother and caretaker, Becky Searcy. This does not mean that Defendant is calling Dr. Goldman as an expert to opine as to the current condition of Becky Searcy or to provide extensive expert psychiatric testimony as to Becky Searcy. Rather, any testimony of Dr. Goldman regarding Becky Searcy is properly limited to that which affects his opinions as to Coco Searcy's status and future prognosis. Becky Searcy is simply an important and relevant collateral source that informs Dr. Goldman's opinions about the minor child, Coco Searcy. This does not mean, as Plaintiff chooses to frame the issue, that Defendant seeks to call Dr. Goldman as an expert psychiatrist regarding all of Becky's conditions, prognosis, and treatment without properly disclosing his opinions.

The dispute over Dr. Goldman arose at Dr. Goldman's deposition when Plaintiff's counsel questioned him on matters far afield of Dr. Goldman's written report and stated opinions. Defendant's counsel did not elicit these opinions of which Plaintiff now complains. It was Plaintiff's counsel who elicited the opinions and then moved to exclude them. And, clearly, if Plaintiff's counsel chooses to so widely open the door at trial as he did at deposition, then, obviously, those opinions will come into evidence.

But at this point, on a motion to exclude based on a purported discovery violation, Plaintiff wants this Court to specifically rule in advance as to which specific utterances Dr. Goldman can and cannot make at trial. This the Court will not do in a vacuum on a pre-trial motion. If this were a case where there had been a violation of the expert disclosure rules, the Court would have no trouble excluding Dr. Goldman's testimony. *See, e.g., Columna,* 2020 WL 624120, at \*2. However, there has been no discovery violation by Defendant as to Dr. Goldman, and, therefore, there is no basis to exclude the testimony of Dr. Goldman under the expert discovery rules. [1] Defendant timely produced Dr. Goldman's report and made him available for deposition. There is simply no prejudice to Plaintiff based upon Plaintiff's counsel's decision to question Dr. Goldman about other opinions he may hold, not reflected in his report, regarding Dr. Hughes or Becky Searcy, especially when Defendant has no intention of eliciting such opinions at the time of trial.

**\*5** Plaintiff's motion is really more of a motion in limine, where Plaintiff seeks to exclude certain testimony which Plaintiff fears Dr. Goldman may utter and which he believes is beyond the scope of Dr. Goldman's report. But that determination can best be made by the trial judge at the time of trial. The law is clear that Dr. Goldman can opine as to opinions contained in his report and that he is not limited to merely reading his report during his trial testimony; rather, he can elaborate or explain his opinions in his trial testimony. Therefore, the Court sees no need to exclude any opinions of Dr. Goldman at this juncture.

However, the Court does make the following observations. First, Plaintiff's expert, Dr. Michael Hughes, has been disclosed as an expert who will testify as to both the mother, Becky Searcy, and the child, Coco Searcy. Conversely, Defendant's expert, Dr. Goldman, has only been disclosed as an expert who will testify as to Coco Searcy. Defendant did not disclose any expert as to Becky Searcy. This was confirmed by counsel at the hearing. Therefore, Defendant should not be permitted to introduce expert testimony from Dr. Goldman which specifically seeks to diagnose in detail the conditions of Becky Searcy, or to rebut the opinions of Dr. Hughes as to Becky Searcy, unless Plaintiff opens the door to such testimony.

Second, Defendant's expert, Dr. Goldman, when discussing his opinions as to Coco Searcy, will necessarily have to delve to some degree into the issues regarding her mother, Becky Searcy. This should come as no surprise to Plaintiff. For example, in Dr. Goldman's report, he specifically stated that, despite Becky's diagnoses, Becky had the ability to read the cues of her infant and respond appropriately to those

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 6 of 7 PageID #:11113

Searcy v. United States, Not Reported in Fed. Supp. (2020)

cues. Therefore, Dr. Goldman's testimony at trial will likely need to address the diagnoses of Becky and her ability to, for example, read the cues of her daughter and respond appropriately to those cues. Such testimony would not constitute a discovery violation regarding Defendant's expert disclosure obligations as such testimony directly relates to his opinions regarding Coco contained in his report, which he is permitted to address and explain in his trial testimony.

There are other areas of Dr. Goldman's report relating to Coco which will necessarily require him to delve into how the presence or lack of conditions of Becky may affect Coco's status and future prognosis. For example, questions such as, "assuming Becky has post-traumatic stress disorder ("PTSD"), depression, and/or a bereavement disorder, what effect will those mental conditions have on Coco?", might be entirely appropriate, whereas questions such as, "do you agree with Dr. Hughes that Becky suffers from PTSD, depression, and/or a bereavement disorder?", likely would go too far afield. However, the trial judge will be in the best position to deal with such questions at the time of trial.

Third, the only time a clear discovery violation would arise would be if Defendant affirmatively utilized Dr. Goldman as a psychiatric expert to specifically and in detail address the conditions of Becky and rebut the opinions of Dr. Hughes as to Becky Searcy. This is so because Dr. Goldman was not disclosed as an expert to specifically address Becky. However, Defendant's counsel stated at the hearing that he had no intention of eliciting such testimony.

Finally, since this case is set for a bench trial, there is no risk of prejudice to a jury. Further, counsel for both parties represented at the hearing that both Plaintiff's expert, Dr. Hughes, and Defendant's expert, Dr. Goldman, will testify live during the trial either in the Courtroom or via Zoom VTC. Therefore, the District Judge will be presiding over the questioning of Dr. Goldman and he can, upon proper and timely objection, limit, discontinue, or decline to consider the testimony if it goes too far afield. Therefore, there is no need for an advance ruling specifically stating what utterances Dr. Goldman can and cannot make during trial.

*6 Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Preclude Defendant's Expert Stuart Goldman, M.D., from Offering Opinions as to Becky Searcy [DE 44] is **GRANTED IN PART and DENIED IN PART**. The Motion is GRANTED to the extent that Defendant should generally be prohibited from eliciting opinions from Dr. Goldman which constitute a separate evaluation or diagnosis of Becky Searcy or which seek to rebut the opinions of Dr. Hughes as to his evaluation or diagnoses of Becky Searcy. Plaintiff's Motion should be DENIED in all other respects at this pre-trial juncture of the case. Plaintiff's counsel may object at the time of trial as to any testimony of Dr. Goldman which Plaintiff believes is improper, and the District Judge can rule on those objections on a proper record.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21 st day of July, 2020.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 4187392

---

**Footnotes**

1   Plaintiff has primarily cited two cases to support his position that Defendant has committed a discovery violation by providing an allegedly incomplete report for Dr. Goldman. The Court does not find either to be particularly supportive of Plaintiff's position. The undersigned finds that Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC, No. 11-60665-CIV, 2012 WL 7636003, at *6 (S.D. Fla. Sept. 19, 2012), is distinguishable because, in that case, the expert completely omitted the fact that he had relied on blueprints in his report and in the supplement to his report, but he then testified about the blueprints at his deposition. Here, Plaintiff did have notice that Dr. Goldman reviewed Becky Searcy's psychiatric evaluation before drafting his report. Second, in the case of Acosta v. Electrolux N. Am., No. 08-60213-CIV-DIMITROULEAS, 2008 WL 5246160, at *9 (S.D. Fla. Dec. 16, 2008), the court actually denied the defendants' motion to strike the plaintiffs' expert witness for failure to comply with Rule 26(a)(2) because the expert report at issue met the

**Searcy v. United States, Not Reported in Fed. Supp. (2020)**

Case: 1:19-cv-06473 Document #: 216-3 Filed: 05/13/24 Page 7 of 7 PageID #:11114

requirements of Rule 26 as it provided enough information to establish a basis for the expert's opinion as set forth in the report. Here, Dr. Goldman's report also meets the requirements of Rule 26.

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.