# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, |  |
| Plaintiff, |  |
| v. | Case No. 1:19-cv-06473 |
| SBB RESEARCH GROUP, LLC, SAMUEL B. BARNETT, AND MATTHEW LAWRENCE AVEN, | Honorable Sharon Johnson Coleman |
| Defendants. |  |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
## TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERT STEVEN RICHARDS

Timothy S. Leiman
Robert Moye
Kevin A. Wisniewski
Devlin N. Su
Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for Plaintiff United States
Securities and Exchange Commission*

## PRELIMINARY STATEMENT

The SEC has moved to exclude Steven Richards' opinions regarding the 2019 resignation of RSM US LLP ("RSM") as the auditor for Defendant SBB Research Group, Inc. ("SBB"). (*See* Dkt. 212.) The SEC contends that the fact of RSM's resignation, and its reasons for doing so, are relevant to this case because they demonstrate Defendants' scienter, materiality, and tend to undermine SBB's affirmative defense that it relied on RSM's advice on valuation issues. (*Id.* at 1, 9; Dkt. 217 at 5.) By contrast, Richards' opinion that RSM's resignation as SBB's auditor did not comply with Generally Accepted Auditing Standards ("GAAS") is not relevant to any of the SEC's claims or to any of Defendants' affirmative defenses. (Dkt. 212 at 1, 9.) In addition, Richards' opinions about what RSM's lead auditor would (or should) have learned if she had sought additional information before resigning, are speculative, improperly weigh witness credibility, and are not helpful to the trier of fact because they merely describe facts and documents for which no expert testimony is necessary. (*Id.* at 1, 11-15.) Finally, Richards' opinions about what RSM was required to do, before it was appropriate to withdraw, are not based on actual auditing standards but rather on his own *ipse dixit*. (*Id.* at 1-2, 15-20.)

In response, Defendants argue that Richards' opinion on RSM's withdrawal is relevant, both because Richards' opinion is offered in rebuttal to the SEC's expert, and because Richards' opinion supports Defendants' claim that RSM's withdrawal "was pretextual." (Dkt. 215 at 7-8, 10.) Defendants also argue that Richards' opinion on RSM's withdrawal is admissible, helpful, and reliable. (*Id.* at 11-19.) As explained more fully below, none of these arguments are valid. The SEC already has noted that its auditing expert, Andrew Mintzer, offered an opinion on the reasonableness of RSM's withdrawal

under GAAS as a precaution, in the event that Richards was permitted to opine that RSM's withdrawal violated GAAS. (*See* Dkt. 217 at 2-5.) If Richards' opinion on this issue is precluded, the SEC will withdraw Mintzer's opinion "that RSM's resignation and withdrawal of its audit opinions complied with GAAS." (Dkt. 217 at 2.)

However, even if the Court views Richards' opinions on RSM's withdrawal as potentially relevant, there are still ample reasons to preclude Richards from offering an opinion on this topic. As explained below, Richards' opinion on this issue is simply a biased factual narrative masquerading as expert opinion. Richards has gone far beyond marshalling facts in support of an opinion regarding professional standards. He has attempted to offer an alternative factual narrative and then support that narrative by *ipse dixit* in stating that GAAS requires something more than the published standards. Richards' opinion on RSM's compliance with GAAS is therefore too unreliable to even present to the jury, and should be excluded from evidence. (*See* Dkt. 212 at 11-20.)

## ARGUMENT

### A.     Richards' Opinion on RSM's Withdrawal Is Not Relevant.

#### 1.     Richards' Opinion Is Not Needed as Rebuttal.

The SEC's response to Defendants' motion to exclude the testimony of Andrew Mintzer noted that the portion of Mintzer's expert report that addressed the propriety of RSM's resignation under GAAS, Section VIII, was offered as a precaution, in anticipation that Defendants would argue that RSM's resignation as SBB's auditor was improper. (*See* Dkt. 217 at 2-5; *see also* Dkt. 217-1, ¶¶ 2.d., 112-114, 122-24, 131-38.) The SEC also noted that "the issue of whether RSM complied with GAAS is irrelevant," and Mintzer's opinion

that RSM's withdrawal was reasonable under GAAS "is needed only if SBB is allowed to pursue" its attack on RSM's withdrawal as a violation of GAAS. (Dkt. 217 at 2-3.)

Accordingly, the Court should not hesitate to exclude Richards' opinion that RSM's resignation was improper under GAAS, which are contained in paragraphs 39, 69-75, and 91-144 of his report. If the Court does so, the SEC will not offer Mintzer's opinion that RSM's resignation was reasonable under GAAS. Expert testimony about GAAS standards and compliance adds nothing relevant to the jury's understanding of RSM's resignation. However, allowing dueling expert opinions on this peripheral issue essentially puts Weil and RSM on trial for violating GAAS, which will extend the time required to try this case, and will increase the likelihood of jury confusion by distracting them from the issue of the Defendants' liability under the securities laws. *See Toyo Tire & Rubber Co., Ltd. v. Atturo Tire Corp.*, 2019 WL 7020654, at *7-8 (N.D. Ill. Dec. 20, 2019) (barring expert testimony likely to lead to juror confusion). This Court can therefore easily resolve the parties' cross-motions on Richards' and Mintzer's related opinions on GAAS by deeming Richards' opinions irrelevant, and noting that Mintzer's related opinions are withdrawn.

2. Richards' Opinion Will Not Assist the Trier of Fact
in Deciding the Parties' Claims or Defenses.

The SEC has alleged, among other things, that SBB's management lied to RSM about the valuation model; withheld information from RSM about the design, function, and the SEC examiners' criticisms of the model; and that RSM withdrew its audit opinions after learning that SBB never intended for its model to comply with Generally Accepted Accounting Principles ("GAAP"). (Dkt. 1 ¶¶ 85-89, 108-112.) For their part, Defendants have asserted that RSM's audits validated their use of the model, that RSM issued favorable audit opinions during the SEC's investigation, and that RSM didn't withdraw its audit

opinions until after it learned that the SEC might charge RSM with violations of auditing standards. (Dkt. 221 at 3-5.) Significantly, RSM is not a defendant.

The question of whether RSM's resignation violated GAAS is of no legal significance to the SEC's claims or Defendants' defenses. Stated differently, expert testimony on the issue will not help the Court (or the jury) to determine whether Defendants should be liable for violating the securities laws. Accordingly, requiring the parties to litigate the issue of whether RSM's resignation was reasonable under GAAS is wholly unnecessary and will further complicate the resolution of this complex case. In fact, requiring the jury to resolve this ancillary issue increases the possibilities for prejudicial error.

### 3. Richards' Opinion Is Offered as Improper Impeachment.

Defendants do not claim that Richards' opinion on RSM's withdrawal is relevant to their affirmative defenses. Nor do they argue that the propriety of RSM's withdrawal as SBB's auditor (under GAAS) adds anything to their claim of reliance of RSM's advice about valuation issues. Instead, they argue that Richards' opinions about RSM's resignation are offered in rebuttal to Mintzer. (Dkt. 221 at 1-2, 5-8.) Defendants also argue that they "are entitled to introduce evidence that RSM's resignation was not based on new concerns about SBB's management's integrity."[1] (*Id.* at 9.)

In this context, the "evidence" Defendants are referring to is merely Richards' opinion that Weil should have had no new concerns about SBB's management integrity.

---

[1] Defendants suggest that the relevance of Richards' opinion was previously addressed by Magistrate Judge Finnegan. (*See* Dkt. 182 at 9.) This is incorrect. In granting Defendants' motion to compel RSM to produce copies of certain summaries made by RSM's counsel, Judge Finnegan expressly acknowledged that SBB eventually would have to "argue [for] the admissibility of the evidence before the District Judge." (*Id.*) She did not rule that the RSM summaries were admissible. Nor did she suggest that expert opinion testimony on the issue of whether RSM's withdrawal was pretextual, or consistent with GAAS, was admissible.

They further expressly claim that "RSM's resignation – led by Weil, who was not charged – was pretextual." (*Id*. at 10.) Again, this argument is based entirely on Richards' opinion. These arguments are disingenuous.

Defendants have acknowledged Richards did *not* opine that RSM had resigned as SBB's auditor in order to avoid potential liability in an SEC matter. (Dkt. 221 at 8.) They made this concession because Richards took no such position, either in his report or in his deposition testimony. However, they argue that Richards' opinion offers helpful "context" that it is rare for the SEC to charge an audit firm with violating GAAS but not the lead auditor. (*Id*. at 10.) They also claim that "a key issue in this case [is] whether RSM's resignation was pretextual." (*Id*.) Defendants are signaling that they intend to use Richards' opinion as essentially impeachment evidence, to contradict Weil's statement that the reason for RSM's withdrawal was its concerns about SBB's management integrity. Allowing Richards to opine on this issue would be highly inappropriate.

First, Richards' opinions—that Weil should not have been surprised by what she learned from the summaries of Defendants' investigative testimony, and that it is unusual for the SEC to charge an audit firm without charging its lead auditor—do not contradict Weil's statement that RSM withdrew as SBB's auditor because of concerns about the integrity of SBB's management. In short, Richards' opinion is not proper impeachment. *See United States v. McCulley*, 178 F.3d 872, 875 n.2 (7th Cir. 1999) (affirming exclusion of defendant's statement, offered as impeachment, because it did not actually contradict another witness' testimony). And second, Defendants cannot offer Richards' opinions to impeach Weil (or any witness) on an irrelevant or collateral matter. *See United States v. Kozinski*, 16 F.3d 795, 805-806 (7th Cir. 1990) ("[O]ne may not contradict for the sake of

contradiction; the evidence must have an independent purpose and an independent ground for admission."). Any purported impropriety of RSM's withdrawal under GAAS would do nothing to establish Defendants' defenses. Accordingly, Richards' opinions cannot be offered as impeachment evidence.

**B.** **Richards' Opinions Are Not Helpful in Resolving Any Claims.**

      1.    Even If Relevant, Richards' Opinions About RSM's Compliance with GAAS Will Not Be Helpful to the Jury.

No expert opinion about whether RSM complied with GAAS when resigning from the SBB engagement will be helpful to the jury in deciding the real issues in this case. Defendants obviously want to shift the focus of the jury from the *reasons* for RSM's withdrawal to the *propriety* of RSM's withdrawal, and away from their own conduct. RSM's withdrawal, and its reasons for doing so, tend to undermine Defendants' "advice of auditor" defense and are probative of their *scienter*. (*See* Dkt. 212, at 3-4.) But any probative value of expert testimony that RSM violated GAAS by resigning is substantially outweighed by the risks of confusing the jury and wasting time. (*Id.* at 9-11.) This Court should exclude all evidence on the issue of whether RSM's resignation violated GAAS, including Richards' opinion.

Defendants' only argument as to the probative value of RSM's compliance with GAAS is that they want "to introduce evidence that RSM's resignation was not based on new concerns about SBB's management's integrity," so Richards' testimony on "the steps the auditors should have taken after reviewing subsequently discovered facts" would help the jury understand that evidence. (Dkt. 221 at 9.) This is circular reasoning. Defendants cannot demonstrate that Richards' opinion would be helpful to the jury by arguing that Richards can help the jury understand his own opinion.

6

If Defendants have any other documents or factual testimony that RSM's resignation was *not* based on concerns about management integrity, they can offer it. Or Defendants can ask those questions directly to RSM's witnesses, including Weil, who stated that she did not resign because of the SEC's Wells notice.[2] But it is not necessary or appropriate for Richards to offer opinion testimony suggesting that Weil did not actually have any concerns about SBB's management integrity. The jury will have the facts and is able to construe them, and consider Weil's credibility, without the help of an expert.[3]

Similarly, no expert testimony on the requirements of GAAS is necessary for the jury to understand the "context" of RSM's stated reasons for resigning as SBB's auditor. Even if Defendants were permitted to argue, at trial, that RSM resigned after Weil and RSM were notified that they might be charged by the SEC, no expert testimony on this issue would be appropriate or even necessary. *See, e.g.*, *United States v. Coleman*, 2008 WL 3929352, at *2 (W.D. Mo. Aug. 21, 2008), *aff'd*, 584 F.3d 1121 (8th Cir. 2009) ("The Court finds that an expert witness is not appropriate to explain a cooperating witness's motivation or bias for testifying against the Defendant. A cooperating witnesses' motivation or bias in testifying is within the realm of a juror's common sense, and an expert will not assist the jury.").

---

[2] *See, e.g.*, Dkt. 212-2 at 284 ("Q. Is it your testimony that the Wells notices to you and to RSM, the firm, had nothing to do with RSM's decision to resign as auditor? A. It is my testimony that our Wells submission had nothing to do with it. It was solely based on the excerpts of the summaries and documents that we—that we saw.").

[3] Defendants also attempt to distinguish this case from *Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 461-62 (7th Cir. 2014) (holding that an expert may not offer an opinion that a witness is untruthful), by arguing that Richards is merely offering an opinion that someone in Weil's profession would understand "the reputational impact of a Wells notice." (Dkt. 221 at 13.) However, Richards' opinion on this issue goes further and attacks the credibility of Weil's statement that she questioned the integrity of SBB's management – *precisely because* RSM's resignation occurred before she responded to the SEC's Wells notice. (*See* Dkt. 212-1 ¶ 8.)

The jury would not be helped by observing a days-long battle of the experts, between Richards and Mintzer, over an ancillary issue that is not dispositive of any claim or defense. In *Atturo Tire Corp.*, relied upon by Defendants, the defendants asserted counterclaims based on settlement agreements with the International Trade Commission, so the judge allowed expert testimony about settlement procedures to help the jury decide whether the defendant acted improperly. *Atturo Tire Corp. v. Toyo Tire Corp.*, 2021 WL 3814800 (N.D. Ill. Aug. 26, 2021), at *1-3. Here, Richards' opinion on RSM's purported violations of GAAS is an ancillary attack on a non-party over a non-claim, and the dispute over that issue is too far removed from any "fact of consequence in determining the action." Fed. R. Evid. 401.

The same is true for Richards' description of the 20 unrelated enforcement orders. Defendants claim that the outcomes of those 20 different cases offer "context relevant to a key issue in this case." (Dkt. 221 at 10.) But *expert testimony* about those unrelated enforcement orders isn't necessary to offer "context" about matters raised solely in Richards' opinions. Rather, as even the court in *Atturo* held, expert testimony "about . . . proceedings involving other parties, unrelated to the . . . proceeding in this case. . . . would be confusing for the jury." 2021 WL 3814800, at *5. If the fact that Weil was not charged were deemed relevant, the jury would be capable of understanding that point. This issue does not require specialized testimony about an "unfamiliar subculture." *See United States v. Johnson*, 916 F.3d 579, 588 (7th Cir. 2019). Expert testimony on this issue would be unhelpful.

    2.    <u>Richards Oversteps By Providing an Alternative Factual Narrative</u>.

In addition, even if Defendants were allowed to challenge the propriety of RSM's resignation at trial, Richards should not be allowed to offer opinion testimony on that topic.

Defendants deny that Richards is offering the jury his own factual narrative, citing *Jiminez v. City of Chicago*, 732 F.3d 710 (7th Cir. 2013). (*See* Dkt. 221 at 11-12.) They claim that Richards should be allowed to explain what steps a reasonable auditor should have taken when presented with the type of audit evidence available to RSM. (*Id.* at 14-15.) However, nothing in the *Jimenez* decision would justify Richards' desire to talk about *what effect* the result of taking those steps "should" or "would" have had on Weil. Defendants want Richards to testify that Weil's resignation letter is unreliable because she didn't review the evidence and come to the same conclusions as Richards.

For example, Richards claims that GAAS required Weil to ask SBB about the two sets of performance numbers given to two types of investors. (Dkt. 212-1, ¶¶ 111-14.) But Richards goes even further, and opines on what Weil "would have learned" from that conversation, ultimately concluding that the existence and use of the two sets of performance numbers "should not have raised concerns about SBB management's integrity" because it was based on the advice of a compliance consultant. (*Id.* ¶¶ 112-14.) Richards either does not know, or does not care, that Lindsey Simon, the compliance consultant he refers to, previously provided a sworn declaration stating that she would have changed her advice based on information that SBB withheld from her.[4] (*See, e.g.*, Declaration of Lindsey Simon, Ex. A ¶ 19 ("If SBB had told me either that its existing valuation and fund performance numbers did not reflect fair value of those investments or that it intended to use a valuation method that the SEC staff had criticized for any significant length of time, I would have advised SBB that there is no way to limit the risk of misleading investors.").)

---

[4] Richards' report does not identify Lindsey Simon's declaration or deposition testimony in the "Documents and Materials" that he considered. (*See* Dkt. 212-1 at 74-76.)

This approach to the evidence was a consistent feature throughout Richards' report. (*See, e.g.*, Dkt. 212-1, ¶¶ 112, 114, 118, 119, 141 (repeatedly saying that if Weil and RSM had seen things his way, they "should" have or "would have" thought differently).) At every opportunity, Richards takes SBB's side on an issue of disputed fact. And the whole point of Richards' factual narrative is to support his conclusion that RSM's resignation letter is a pretext, because of the reputational impact that a Wells notice may have on auditors. (*Id.* ¶ 108.) Richards is simply telling the jury what to believe. So Defendants' statement that Richards *isn't* doing what he obviously *is* doing (Dkt. 221 at 12) should be rejected.

In short, Richards' expert report is a textbook example of a biased factual narrative that district courts should not allow to be presented to a jury. (*See* Dkt. 212 at 12 (collecting cases).) Defendants have cited no case allowing experts to go beyond a description of the steps a litigant should have taken, or permitting an expert to advise the jury on what the *outcome* of those steps "would" or "should" have been.

### C.     Richards' Opinions Are Not Reliable.

Finally, Defendants attempt to side-step the SEC's arguments that Richards' opinions are unreliable. They don't dispute, for example, that Richards' opinion was developed solely for this litigation and that he is not a professional researcher of GAAS compliance when resigning from audit engagements. (Dkt. 212 at 15.) They simply rehash his professional background. (Dkt. 221 at 16-17.) But the SEC's point was not that Richards is unqualified to serve as an expert; rather, that Richards' expert opinion is a litigation-driven departure from his professional work. *See Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017). Defendants have failed to present any evidence that Richards' aggressive approach to GAAS compliance on the issue of auditor resignations is generally

accepted in the auditing field. (*See* Dkt. 221 at 16-17.) This Court should therefore infer that Richards' opinions are not reliable. *Gopalratnam*, 877 F.3d at 779.

Defendants also have no answer to the SEC's argument that Richards' view of GAAS rests on his own say-so. Their response points to Table 2 in his report (Dkt. 221 at 17), but that portion of Richards' report cites no provision of GAAS that requires auditors to take any additional steps before resigning. In fact, AU-C § 580.25 says the opposite. (*See* Dkt. 212 at 16.) Richards' table only appears to support his opinion because *he inserted language that isn't in the text of § 580.25.* (*See id.* at 18.) Although Defendants try to justify Richards' paraphrasing as consistent with the "plain language" of § 580.25, it plainly is not consistent. The language added by Richards is not found anywhere in § 580.25. (*See generally* Dkt. 212-7 at 543.)

Indeed, AU-C § 580.A32 is the explanatory guidance for § 580.25, and says that if the auditor concludes that management's written representations are unreliable, "the auditor is unable to obtain sufficient appropriate audit evidence" by definition. (*Id.* at 850.) The standard does not purport to require the auditor to perform any additional audit procedures—as Richards believes—if the auditor is unable to obtain sufficient audit evidence. Defendants address this issue by falling back on the "appl[ication of Richards'] extensive auditing experience." (Dkt. 221 at 18.) But that is just another way of saying the trier of fact should "trust Richards," which is inadmissible *ipse dixit. C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 837 (7th Cir. 2015).

Defendants similarly do not address, or attempt to reconcile, the other contrary GAAS provisions discussed in the SEC's opening brief. (*See* Dkt. 212 at 16-19.) They simply assert that the SEC's argument "is wrong," and immediately complain that any mention of

the ignored standards should go to weight and not admissibility. (Dkt. 221 at 18.) This will not do. An expert must show that their opinion is reliable before they can testify. *See, e.g.*, *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 818 (7th Cir. 2010) (differentiating between weight and admissibility). And "if the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does not acknowledge or account for that evidence, the expert's opinion is unreliable." *In re Rezulin Prod. Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005). Defendants offer no excuse for Richards' failure to acknowledge or account for these other relevant GAAS provisions, apparently because there is none. Richards' opinions on RSM's resignation are thus too unreliable to even present to a jury. Accordingly, they should be excluded.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the SEC respectfully requests that the Court exclude the opinions of Steven Richards on RSM's withdrawal as SBB's auditor, which are contained in paragraphs 39, 69-75, and 91-144 of his report.

May 28, 2024

**United States Securities and Exchange Commission**

By:*__Robert M. Moye__*
Timothy S. Leiman (leimant@sec.gov)
Robert Moye (moyer@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
Devlin N. Su (sude@sec.gov)
Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for Plaintiff United States*
*Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024, I served a true and correct copy of the

foregoing filing on all counsel of record through the Court's ECF filing system.


*/s/ Robert M. Moye*
Robert M. Moye