IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 19-cv-6473 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| SBB RESEARCH GROUP, LLC, SAMUEL B. BARNETT, and MATTHEW LAWRENCE AVEN | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Securities and Exchange Commission's Motion for Reconsideration of the Court's November 26, 2024 Order excluding testimony of Peter Hickey (the "Motion"). For the foregoing reasons, the Court denies the motion to reconsider [242].

**BACKGROUND**

As it relates to this Motion, the Court held oral arguments on the parties *Daubert* motions on October 1, 2024. The Court issued its ruling on November 26, 2024. The Order granted Defendant SBB Research Group, LLC's ("SBB") motion to exclude expert opinions and testimony of Peter Hickey ("Hickey"). The SEC filed its motion to reconsider on December 20, 2024, which is now before the Court.

**LEGAL STANDARD**

It is well-established that in determining whether to grant a motion to reconsider, the Court retains sound discretion. *Caisse v. Natioanle de Credit v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). "Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments, and such motions are not the appropriate vehicles for tendering new legal theories for the first time." In *re Oil Spill by the "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd,* 4 F.3d 997 (7th Cir.

1

1993). A motion to reconsider serves a limited function and should only be presented when there has been a significant change in law or facts after the issue is presented to the Court, or the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (internal quotations omitted).

**DISCUSSION**

While the parties' briefing seems to be an effort to rehash *Daubert* arguments, it is the Court's understanding that the SEC's motion to reconsider is based on its contention that the Court erroneously applied *Daubert*'s relevance standard and the FRE 403 prejudice standard in excluding Hickey's ASC § 820 testimony.

In reviewing the Court's November 26th order, the Court employed the *Daubert* relevance standard and the FRE 403 prejudice standard in its ruling barring Hickey's testimony on SBB's valuation model *only*. The Court relied on other standards and legal principles in barring Hickey's other testimony concerning ASC § 820. In other words, there were other factors the Court took into consideration when barring Hickey's ASC § 820 testimony *generally* that the SEC does not appear to contest in its motion for reconsideration.

As to the present motion, the SEC has offered nothing to show the Court erroneously applied the *Daubert* relevance standard and FRE 403 prejudice standard in barring Hickey's testimony about SBB's valuation model. While the SEC argues that the Court improperly *sua sponte* ruled that Hickey's valuation testimony was barred under the *Daubert* relevance standard and the FRE 403 prejudicial standard, courts in this district have routinely rejected motions to reconsider when the Court's decision is based on the issue and facts presented by the parties, even if the legal reasoning employed is somewhat different. *See Fox v. Admiral Ins. Co.* No. 12-cv-8740, 2016 WL 3520145, at *2 (N.D. Ill.

June 28, 2016) (Shah, J.) There are no facts presented to demonstrate that the Court's decision was not based on the issues and facts presented by the parties. Indeed, at oral arguments, the Court questioned SEC's attorney regarding the propriety of offering Hickey as an expert when considering his narrowed experience. *See* Oct. 1, 2024 Tr. at 120:25 – 123:14.

Not only did the Court employ a plethora of other, non-contested, bases for excluding Hickey's ASC § 820 testimony as it relates to SBB's Funds' financial statements and materiality, but the Court was within its purview in barring Hickey's valuation testimony pursuant to the *Daubert* relevance standard and FRE 403 prejudicial standard because the decision was well within the issues presented by the parties. *See Fox,* 2016 WL 3520145, at *2.

## CONCLUSION

For the reasons stated above, the SEC's motion to reconsider is denied [242].

**IT IS SO ORDERED.**

Date: 4/8/2025

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge