**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : | |
| Plaintiff, | : : | Case No. 19-cv-6473 |
| v. | : : | Judge Sharon Johnson Coleman |
| SBB RESEARCH GROUP, LLC, et al., | : : | |
| Defendants. | : : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

## PRELIMINARY INSTRUCTIONS

**Joint Proposed Instruction No. 1**

### *Introductory Paragraphs*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.[1]

---

[1] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 411 (2009 rev.)

**Joint Proposed Instruction No. 2**

*Order of Trial*

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate your verdict.[2]

---

[2] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 411-12 (2009 rev.)

**Joint Proposed Instruction No. 3**

*Claims and Defenses*

The positions of the parties can be summarized as follows:

Plaintiff Securities and Exchange Commission (or "SEC") is an agency of the federal government responsible for enforcing the federal securities laws. Defendant SBB Research Group, LLC (or "SBB") is an investment adviser registered with the SEC since April 2014 that manages several hedge funds. Defendant Samuel Barnett is the owner and Chief Executive Officer of SBB. Defendant Matthew Aven began working at SBB in February 2011. He is SBB's Chief Operating Officer, and was SBB's Chief Compliance Officer through November 2021.

The SEC alleges that from 2011 through 2016, Defendants misled investors by falsely claiming that they followed accounting rules and valued the SBB Funds' investments at "fair value." However, the SEC alleges that Defendants created and used a custom valuation model to inflate the value of those investments and the net asset values of the funds. Defendants then reported these values to investors.

The SEC also alleges that Defendants made false and misleading statements to prospective investors in SBB marketing materials. More specifically, the SEC alleges that, in describing one of SBB's funds, Defendants made false and misleading statements regarding: the fund's lockup period (during which investors could not withdraw their money), the existence of a high-water mark (which limited the ability to charge fees based on prior losses), and the fund's inception date and track record.

4

Defendants deny any wrongdoing, including the SEC's allegations. Defendants deny that they misled investors about following accounting rules, valuing their investments at "fair value," or about the net asset value of the funds. Defendants further deny that the model was intentionally created or used for the purpose of improperly inflating values of SBB's funds' investments and deny that they were reckless or negligent in creating or using the model. Defendants further deny that any of the claimed false statements were material to the SBB funds' sophisticated investor base.

Defendants deny that they made false and misleading statements to prospective investors in marketing materials, and deny that any of the claimed false statements were material to SBB's investors. Defendants further deny that they intended to mislead investors with SBB's marketing materials and deny that they were reckless or negligent in preparing them.[3]

---

[3] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 412 (2009 rev.) (modified). The underlined text is from the parties' Statement of the Case.

5

**Joint Proposed Instruction No. 4**

*Burden of Proof - Preponderance*

<u>The SEC must prove its claims by a preponderance of the evidence.</u>

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.[4]

---

[4] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 412 (2009 rev.) (modified). The underlined text is not part of the pattern instruction.

**Joint Proposed Instruction No. 5**

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true. [5]

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses. [6]

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. [7]

---

[5] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 413 (2009 rev.)

[6] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 414 (2009 rev.)

[7] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 415 (2009 rev.)

**Joint Proposed Instruction No. 6**

### *Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.[8]

---

[8] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 414 (2009 rev.) (underlining in original)

**Joint Proposed Instruction No. 7**

### *Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.[9]

---

[9] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 413 (2009 rev.)

**Joint Proposed Instruction No. 8**

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.[10]

---

[10] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 414 (2009 rev.)

**Joint Proposed Instruction No. 9**

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.[11]

---

[11] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 415 (2009 rev.)

**Joint Proposed Instruction No. 10**

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[12]

---

[12] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 415-16 (2009 rev.)

**Joint Proposed Instruction No. 11**

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.[13]

---

[13]Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 416-17 (2009 rev.)

**Joint Proposed Instruction No. 12**

*Note Taking - Allowed*

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.[14]

---

[14] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 416 (2009 rev.)

**Joint Proposed Instruction No. 13**

*Judge's Questions*

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.[15]

---

[15] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 418 (2009 rev.)

**Joint Proposed Instruction No. 14**

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the bailiff to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[16]

---

[16] Federal Civil Jury Instructions of the Seventh Circuit, Sample Prelim. Instructions at 418 (2009 rev.)

16

## <u>INSTRUCTIONS DURING TRIAL</u>

**Joint Proposed Instruction No. 15**

### *Cautionary Instruction before Recess*

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[17]

---

[17] Federal Civil Jury Instructions of the Seventh Circuit, § 2.01 (2017 rev.)

**Joint Proposed Instruction No. 16**

*Stipulations of Fact*

The parties have stipulated, or agreed to, the following facts:

[read stipulations]

You must now treat these facts as having been proved for the purpose of this case.[18]

---

[18] Federal Civil Jury Instructions of the Seventh Circuit, § 2.05 (2017 rev.)

**Joint Proposed Instruction No. 17**

*Judicial Notice*

I have decided to accept as proved the fact that:

[Read fact]

You must now treat this fact as having been proved for the purpose of this case.[19]

---

[19] Federal Civil Jury Instructions of the Seventh Circuit, § 2.06 (2017 rev.)

**Joint Proposed Instruction No. 18**

*Deposition as Substantive Evidence*

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. The deposition of _____, which was taken on _____, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.[20]

---

[20] Federal Civil Jury Instructions of the Seventh Circuit, § 2.08 (2017 rev.).  The blanks should be filled with the name of the deposition witness and the date of the deposition.

<u>**INSTRUCTIONS AFTER CLOSING STATEMENTS**</u>

**Joint Proposed Instruction No. 19**

*Functions Of The Court And The Jury*

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.[21]

---

[21] Federal Civil Jury Instructions of the Seventh Circuit, § 1.01 (2017 rev.)

21

**Joint Proposed Instruction No. 20**

*No Inference From Judge's Questions*

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.[22]

---

[22] Federal Civil Jury Instructions of the Seventh Circuit, § 1.02 (2017 rev.)

**Joint Proposed Instruction No. 21**

*All Litigants Equal Before the Law*

In this case one of the Defendants is a <u>limited liability company</u>. All parties are equal before the law. A <u>limited liability company</u> is entitled to the same fair consideration that you would give any individual person.[23]

---

[23] Federal Civil Jury Instructions of the Seventh Circuit, § 1.03 (2017 rev.)  The underlined portions are modifications to the pattern instruction.

**Joint Proposed Instruction No. 22**

*Evidence*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true [or that a person would have given certain testimony].

[I have taken judicial notice of certain facts. You must accept those facts as proved.][24]

---

[24] Federal Civil Jury Instructions of the Seventh Circuit, § 1.04 (2017 rev.) The bracketed material is part of the pattern instruction and may be relevant based on what occurs during trial.

**Joint Proposed Instruction No. 23**

### *What Is Not Evidence*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.[25]

---

[25] Federal Civil Jury Instructions of the Seventh Circuit, § 1.06 (2017 rev.)

**Joint Proposed Instruction No. 24**

*Note-Taking*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.[26]

---

[26] Federal Civil Jury Instructions of the Seventh Circuit, § 1.07 (2017 rev.).

**Plaintiff's Proposed Instruction No. 25**

*Consideration of All Evidence Regardless of Who Produced*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.[27]

---

[27] Federal Civil Jury Instructions of the Seventh Circuit, § 1.08 (2017 rev.).

**Joint Proposed Instruction No. 26**

*Limited Purpose Of Evidence*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.[28]

---

[28] Federal Civil Jury Instructions of the Seventh Circuit, § 1.09 (2017 rev.). According to the Committee Comments, the court may remind the jury of any specific evidence admitted for a limited purpose, and the purpose for which it was admitted.

**Joint Proposed Instruction No. 27**

### *Weighing The Evidence*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.[29]

---

[29] Federal Civil Jury Instructions of the Seventh Circuit, § 1.11 (2017 rev.).

**Joint Proposed Instruction No. 28**

### *Definition Of "Direct" And "Circumstantial" Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.[30]

---

[30] Federal Civil Jury Instructions of the Seventh Circuit, § 1.12 (2017 rev.) (underlining in original).

**Joint Proposed Instruction No. 29**

*Testimony Of Witnesses*
*(Deciding What to Believe)*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.[31]

---

[31] Federal Civil Jury Instructions of the Seventh Circuit, § 1.13 (2017 rev.). The bullet point regarding the witness' age has been omitted, as suggested by the Committee Comments.

**Joint Proposed Instruction No. 30**

*Lawyer Interviewing Witness*

It is proper for a lawyer to meet with any witness in preparation for trial.[32]

---

[32] Federal Civil Jury Instructions of the Seventh Circuit, § 1.16 (2017 rev.). This instruction should be given if a witness testified about meeting with an attorney.

32

**Joint Proposed Instruction No. 31**

*Number of Witnesses*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.[33]

---

[33] Federal Civil Jury Instructions of the Seventh Circuit, § 1.17 (2017 rev.).

33

**Joint Proposed Instruction No. 32**

### *Absence Of Evidence*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.[34]

---

[34] Federal Civil Jury Instructions of the Seventh Circuit, § 1.18 (2017 rev.)

**Joint Proposed Instruction No**. 33

*Expert Witnesses*

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.[35]

---

[35] Federal Civil Jury Instructions of the Seventh Circuit, § 1.21 (2017 rev.)

**Joint Proposed Instruction No. 34**

*Multiple Claims; Multiple Defendants*

You must give separate consideration to each claim and each party in this case. Although there are <u>three</u> defendants, <u>Mr. Barnett, Mr. Aven, and SBB Research Group, LLC,</u> it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.[36]

---

[36] Federal Civil Jury Instructions of the Seventh Circuit, § 1.25 (2017 rev.). The underlined text is not part of the pattern instruction. The Committee's Comments suggest identifying each party by name.

**Joint Proposed Instruction No**. **35**

*Burden Of Proof*

The SEC is required to prove each element of its claims against each of the Defendants by a "preponderance of the evidence."

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide" this is what I mean: When you have considered all of the evidence in the case, you must be persuaded that it is more probably true than not true.[37]

---

[37] Federal Civil Jury Instructions of the Seventh Circuit, § 1.27 (2017 rev.) (modified). The underlined text is not part of the pattern instruction.

**Joint Proposed Instruction No. 36**

*Securities*

A "security" is an investment in a commercial, financial, or other business enterprise with the expectation that profits or other gain will be produced by the efforts of other people. Some common types of securities are stocks, bonds, and options.[38]

---

[38] *See* 11th Circuit Pattern Jury Instructions, Civil Cases (2025 ed.) at §§ 6.1 "Device, Scheme or Artifice to Defraud," 6.2 "Misrepresentation or Omission of Material Facts," 6.4 "Fraudulent Practice or Course of Dealing, 6.8 "Fraud in the Offer and Sale of a Security," 6.9 "Misrepresentation or Omission in the Offer of Sale of a Security."

*See also* 3B Federal Jury Practice & Instructions, 162:280 "Security," Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Nadine Jean Wichern (6th ed.)

**Joint Proposed Instruction No**. **37**

*Selection Of Presiding Juror; General Verdict*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.[39]

---

[39] Federal Civil Jury Instructions of the Seventh Circuit, § 1.32 (2017 rev.).

**Joint Proposed Instruction No. 38**

*Communication With Court*

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.[40]

---

[40] Federal Civil Jury Instructions of the Seventh Circuit, § 1.33 (2017 rev.).

August 5, 2026                                     Respectfully submitted,


                                                   */s/Robert M. Moye*_____
                                                   Timothy S. Leiman (Leimant@sec.gov)
                                                   Robert M. Moye (Moyer@sec.gov)
                                                   Kevin A. Wisniewski
                                                   (Wisniewskik@sec.gov)
                                                   Devlin N. Su (Sude@sec.gov)

                                                   **U.S. Securities and Exchange Commission**
                                                   Chicago Regional Office
                                                   175 West Jackson Boulevard, Suite 1450
                                                   Chicago, Illinois 60604
                                                   (312) 353-7390

                                                   *Attorneys for Plaintiff*
                                                   *U.S. Securities and Exchange Commission*



                                                   */s/*Heather A. Waller_____
                                                   John J. Sikora, Jr. (6217330)
                                                   Heather A. Waller (6302537)
                                                   Renatta A. Gorski (6332737)
                                                   LATHAM & WATKINS LLP
                                                   330 North Wabash Avenue, Suite 2800
                                                   Chicago, IL 60611
                                                   Tel. (312) 876-7700
                                                   john.sikora@lw.com
                                                   heather.waller@lw.com
                                                   renatta.gorski@lw.com

                                                   Howard J. Rosenburg (6256596)
                                                   KOPECKY SCHUMACHER
                                                   ROSENBURG LLC
                                                   120 N. LaSalle, Street, Suite 2000
                                                   Chicago, IL 60602
                                                   Tel. (312) 380-6631
                                                   hrosenburg@ksrlaw.com

H. Gregory Baker (*pro hac vice*)
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel. (212) 336-2871
hbaker@pbwt.com

*Attorneys for Defendants*
*SBB Research Group, LLC, Samuel B. Barnett, and*
*Matthew L. Aven*

42