**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | Case No. 19-cv-6473 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| SBB RESEARCH GROUP, LLC, SAMUEL B. BARNETT, and MATTHEW LAWRENCE AVEN | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Securities and Exchange Commission ("SEC") filed the present action against SBB Research Group, LLC, Samuel B. Barnett, and Matthew Lawrence Aven (together, "Defendants") alleging violations of federal securities laws. Defendants filed a motion for clarification and partial reconsideration of the Courts' summary judgment ruling. The Court denied the motion from the bench at the continued pretrial conference on August 14, 2026.

To clarify, the issues for trial are whether Defendants violated federal securities laws by misrepresenting "their method of arriving at 'fair value' and the NAVs of the Funds' notes"; whether those NAVs were overstated; "their assurances that their financials were prepared in accordance with GAAP"; and the terms of Polysight I, LLC, in their marketing materials.

**LEGAL STANDARD**

A district court has the discretion to reconsider its interlocutory orders under Federal Rule of Civil Procedure 54(b). *See Selective Ins. Co. of South Carolina v. City of Paris*, 769 F.3d 501, 505 (7th Cir. 2014). Rule 54(b) provides that nonfinal orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A motion to

1

reconsider serves a limited function and should only be presented where there has been a significant change in law or facts after the issue is presented to the Court or the Court has "patently misunderstood a party"; has "made a decision outside the adversarial issues presented" to it; or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (internal quotations omitted).

## DISCUSSION

### A. Valuation Claims

Defendants have not met the standard for Rule 54(b). The Court found that the SEC may proceed with its claim without offering technical expert testimony on GAAP "insofar as the alleged misstatement does not require proving that SBB's method of calculating 'fair value' was improper under … ASC 820." (Dkt. 291) at *23. By concluding that a jury would be unable to come to an "accounting conclusion" without expert testimony, the Court intended to convey that a lay juror is ill-equipped to essentially perform the work of an auditor and decide whether Defendants' financial statements actually were not prepared in accordance with GAAP. As established, determining "fair value" involves some judgment, particularly where there is no market price. a juror might have concluded with the assistance of expert testimony that Defendants reasonably departed from the framework laid out in ASC 820 and that Defendants had complied with GAAP.

To further illustrate, Court granted summary judgment for Defendants on the SEC's "Custody Rule" claim under Section 206(4) of the Advisers Act (Count VII) because it must "prove … that Defendants failed to distribute 'audited financial statements prepared in accordance with generally accepted accounting principles.' … But a violation of the Custody Rule requires financial statements that were not prepared in accordance with GAAP." (Dkt. 291) at *37. Concluding that the SEC had insufficient evidence to prove that violation, it had shown no dispute of material fact.

2

Violating a rule is distinct from making a material misrepresentation with scienter. The cases cited by the Court support that proposition. The core of the claims are about valuation; specifically, that Defendants misrepresented their methodology for calculating the net asset values ("NAVs") of their funds' structured notes (e.g., by using "observable" rather than "unobservable" inputs) and overstated the value of those notes. While those may be accounting terms, witnesses are available and able to testify as to what those terms meant in the context they were used. Referring to limited sections ASC 820 may also be appropriate for that purpose.

Finally, whether Defendants' assertion that they complied with GAAP likewise does not depend upon showing a violation of GAAP, but whether they believed (or had a reasonable basis to believe) that statement was true. The SEC presented adequate evidence on that issue such that summary judgment was inappropriate.

## B. Negligence

The Court found that summary judgment was inappropriate as to the SEC's negligence-based claims because the SEC showed a triable issue of fact as to a higher state of mind, an adequate basis to deny Defendants' motion. The Court did not dismiss the claims nor find that the SEC is limited to a "scienter-or-bust" theory. The Court agrees that the SEC is not required to put forth expert testimony to establish the applicable standard of care for its negligence-based claims.

## CONCLUSION

For the reasons stated above, the Motion to Reconsider [311] is denied.

**IT IS SO ORDERED.**

Date: 8/14/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3